■ In the Matter of GEORGE CALDERON, Petitioner, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

In April 1989 a misbehavior report was filed against petitioner, an inmate at Bare Hill Correctional Facility in Franklin County, charging him with the violation of institutional rule 113.2 (possession of a controlled substance). This charge stemmed from an incident which occurred on April 5, 1989 when petitioner signed for and received a package sent to him through the mail. After receiving the package, petitioner left the room and was then stopped by correction officers. Their search of the package disclosed a plastic container of white powder (subsequently determined to be cocaine) concealed in a candy wrapper.

At his tier III Superintendent's hearing, petitioner did not dispute that the substance found was cocaine but pleaded

"guilty with an explanation". His explanation was that he did not know who had sent him the package and thought it was a package from his mother. Petitioner requested no witnesses at the hearing. The Hearing Officer called Correction Captain E. A. Couture to testify concerning the fact he had directed that petitioner's packages be searched because he had received several anonymous tips in the preceding month that petitioner was smuggling drugs into the facility. Based on this and other evidence, the Hearing Officer found petitioner guilty and imposed punishment. That determination was affirmed upon administrative review and petitioner commenced this CPLR article 78 proceeding to challenge that determination.

We confirm. The misbehavior report signed by the officer who seized the cocaine, together with petitioner's own admissions, Couture's testimony and the results of the test on the contraband provided ample evidence to support the determination finding petitioner guilty of cocaine possession (see, Matter of Abreu v Coughlin, 157 AD2d 1028; Matter of Neri v Coughlin, 140 AD2d 764; see also, People ex rel. Vega v Smith, 66 NY2d 130, 139-140). Unlike the situation presented in Matter of Sanchez v Coughlin (132 AD2d 896), here petitioner was clearly in control of the contraband since he signed for the package, received it and walked out of the package room with it in his exclusive possession (cf., Matter of Caldwell v Coughlin, 148 AD2d 905). Although petitioner contends that he did not know who sent him the package, the Hearing Officer was entitled to disbelieve him since, as noted in the misbehavior report, the package itself bore the return address of Luis Ramos from The Bronx, New York. Additionally, the package log signed by petitioner before he was given the package also shows the same return address. Since respondents' determination was rationally based on the evidence, we find no reason to disturb it.

Petitioner's remaining contentions have been examined and found to have either been waived or to be without merit.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.