■ In the Matter of RICARDO A. DI ROSE, Petitioner, v PHILIP COOMBE, as Commissioner of the Department of Corrections, Respondent. [650 NYS2d 429] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After a hearing, petitioner, who was an inmate at Southport Correctional Facility in Chemung County, was found guilty of violating prison disciplinary rules prohibiting smuggling, the violation of correspondence directives and the provision of legal assistance to another inmate without prior approval. The penalty imposed was the loss of correspondence privileges for nine months, the loss of 60 days of good time and 60 days of confinement to the special housing unit. The determination was affirmed on administrative appeal and petitioner commenced this CPLR article 78 proceeding seeking to set aside the determination.

We confirm. Initially, we find that given the misbehavior report, the testimony and the documentary evidence presented at the hearing, the determination of guilt was supported by substantial evidence (*see, Matter of Patsalos v Coombe*, 228 AD2d 984, 985). The detailed inmate misbehavior report establishes that petitioner attempted to indirectly render legal assistance to an inmate named Moretti by smuggling Moretti's legal work to an inmate in another facility in order to obtain that inmate's help with the work. In order to accomplish this, petitioner enclosed the legal work in an envelope addressed to a person named Carol Rowe with directions that Rowe was to send Moretti's work to the other inmate and "make a copy of the legal work and return it to Moretti". Significantly, petitioner admitted at the hearing that the letter was his and raised no challenge to the stated contents of the mail packet. There was also testimony establishing that petitioner and the other inmates did not have authority to render legal assistance to each other. Under these circumstances, we cannot conclude that there was insufficient evidence to support the determination of guilt.

Next, we reject petitioner's contention that the inmate misbehavior report was improperly endorsed. It was prepared and signed by the correction officer who conducted the investigation. It was not necessary for another employee to also sign the report insofar as there is no evidence that any other employee had personal knowledge of the incident at issue (*see*, 7 NYCRR 251-3.1 [b]). In any event, even accepting petitioner's contention in this regard, he has failed to demonstrate any prejudice accruing to him as a result of the alleged omission (*see, Matter of Smith v Walker*, 209 AD2d 799, 800, *lv denied* 85 NY2d 807).

As to petitioner's claims concerning the report's factual allegations, we note that it was not necessary for the report to recite, in evidentiary detail, each aspect of the case against him (*see, Matter of Turner v Coughlin*, 162 AD2d 781, 782). The report provided petitioner with ample notice of the charges so that he could adequately prepare for the hearing (*see, Matter of Abdur-Raheem v Mann*, 85 NY2d 113, 123).

The record also fails to support petitioner's overlapping arguments that he did not receive meaningful employee assistance and that he was improperly denied access to relevant documents. Petitioner received adequate assistance and the requested documents which he claims his assistant did not provide were either made available at the hearing or were not probative of the charges against him (*see, Matter of Tankleff v Coughlin*, 210 AD2d 815, 816).

Additionally, there is also nothing in the record to support petitioner's claims of bias on the part of the Hearing Officer, nor is there proof that the outcome of the hearing flowed from the alleged bias (*see, Matter of Nieves v Coughlin,* 157 AD2d 943, 944). Petitioner has also failed to establish that the Hearing Officer should have been precluded from presiding at his hearing. Even accepting that the Hearing Officer's involvement in a prior complaint filed by petitioner constituted an investigation (*see,* 7 NYCRR 254.1), it involved an unrelated incident (*see, Matter of Giakoumelos v Coughlin,* 192 AD2d 998, *lv denied* 82 NY2d 658).

Lastly, we do not find the penalty imposed to be harsh or excessive (*see, Matter of Reynoso v Lacy,* 216 AD2d 619, *lv denied* 86 NY2d 710). We have considered petitioner's remaining arguments and have rejected them as either lacking in merit or unpreserved for our review.

Mercure, White, Casey and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.