■ In the Matter of REGINALD BARNHILL, Petitioner, v PHILIP COOMBE, JR., as Commissioner of the Department of Correctional Services, et al., Respondents. [657 NYS2d 492] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (transferred

Following a tier III disciplinary hearing, petitioner was found guilty of violating a prison disciplinary rule prohibiting possession of a controlled substance. After the determination of guilt was affirmed upon administrative review, petitioner commenced this proceeding challenging the determination on several grounds.*

We confirm. Even if, as petitioner claims, he was denied the right to select an employee assistant from an established list (see, 7 NYCRR 251-4.1), we nonetheless find that petitioner has waived any objection in this regard (see, Matter of Hart v Coombe, 229 AD2d 754, 755, lv denied 89 NY2d 802). After petitioner objected to receiving an employee assistant whom he did not select and complained that the assistance was inadequate, the Hearing Officer adjourned the hearing to obtain the information that petitioner requested. The Hearing Officer also offered petitioner additional employee assistance. Petitioner declined this offer. Although we find that by declining further assistance petitioner waived any claim of error, we also note that later, during the hearing, petitioner was assigned an employee assistant of his choice who aided him in obtaining additional information. While petitioner later objected to this assistance as well, since he has failed to demonstrate that he was prejudiced by the employee assistance he received, his claim of error is rejected (see, Matter of Venti-

---

* Although we will consider the merits of petitioner's claims, we note that petitioner has raised no issue of substantial evidence and, therefore, this proceeding was improperly transferred to this Court (see, CPLR 7804 [g]). While this Court's prior decision in Matter of Afrika v Edwards (160 AD2d 1212) indicates that allegations of bias in proceedings such as this one constitute issues that must be transferred to this Court, the Afrika decision was issued prior to the effective date of the 1990 amendment of CPLR 7804 (g) (see, L 1990, ch 575, § 1 [eff Jan. 1, 1991]). Prior to this amendment, case law indicated that even when an issue of substantial evidence is not raised, transfer would still be appropriate for issues such as procedural challenges or errors in the nature of mandamus to review (see, CPLR 7803 [3]), since the proceeding was still considered a "certiorari" one (see,. Matter of Segrue v City of Schenectady, 132 AD2d 270, 273). Since the amendment, however, it has become apparent that petitions that do not allege an issue of substantial evidence and which challenge errors of law or matters such as procedural violations should remain in Supreme Court (see, Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7804:8, at 662). To the extent that decisions of this Court issued after the effective date of the amendment indicate that allegations of bias must necessarily trigger a transfer, they are not to be followed.

*miglia v Coombe*, 233 AD2d 610, 611; *Matter of Moretti v Coughlin*, 232 AD2d 685, *lv denied* 89 NY2d 807; *Matter of Johnson v Coombe*, 228 AD2d 755, 756).

Finally, we do not find that the various brusque comments made to petitioner by the Hearing Officer during the course of the hearing conclusively establish bias (*see, Matter of Fitzgerald v Coughlin*, 191 AD2d 941, *lv denied* 82 NY2d 651). In any event, petitioner has failed to demonstrate that the alleged bias affected the outcome of the hearing (*see, Matter of Di Rose v Coombe*, 233 AD2d 799, 801). Our review of the record reveals that the Hearing Officer allowed petitioner to develop the record, ensured that petitioner's many objections were addressed and provided petitioner with a full and fair opportunity to defend himself against the charged misconduct.

The remaining arguments advanced in petitioner's brief have been examined and found to be unpersuasive.

Mercure, White, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed. [As amended by unpublished order entered Oct. 23, 1997.]