■ In the Matter of JOHN SPENCER, Petitioner, v GLENN GOORD, as Commissioner of the Department of Correctional Services, Respondent. [666 NYS2d 327] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Substantial evidence supports the determinations finding petitioner, an inmate at Coxsackie Correctional Facility in Greene County, guilty of violating the prison disciplinary rules which prohibit an inmate from possessing any item of contraband that may be classified as a weapon, assaulting staff and disobeying a direct order as charged in two misbehavior reports. The charge of possession of contraband contained in the first misbehavior report stems from petitioner returning to Corey Heath, a fellow inmate, a pack of cigarettes containing a razor which Heath subsequently used to attack several correction officers. Correction Officer Alec Saddlemire testified that he had thoroughly pat-frisked Heath prior to escorting him to his cell and that Heath's hands remained in his pockets while he was being escorted, except when he retrieved the cigarette package from petitioner. Thereafter, Saddlemire heard the

rustling of the cellophane wrapper of the cigarette package, at which point Heath withdrew the razor and attacked him. We find that the testimony at the hearing, and the reasonable inferences to be drawn therefrom, constitute substantial evidence of petitioner's guilt (*see, e.g., Matter of Rogers v Mitchell*, 194 AD2d 1059, 1060, *lv denied* 82 NY2d 658). Likewise, we find that, in light of the evidence that petitioner was in possession and control of the cigarette package prior to returning it to Heath, a reasonable inference could be drawn to find that petitioner was aware of the presence of the contraband (*see generally, Matter of Jay v Coombe*, 233 AD2d 661, 662; *Matter of Calderon v Senkowski*, 161 AD2d 1055, 1056; *cf., Matter of Sanchez v Coughlin*, 132 AD2d 896).

With respect to the second misbehavior report, the charges stem from allegations that petitioner fought with the correction officers who attempted to remove him from his cell following the incident with Heath. The correction officers involved in removing petitioner from his cell testified that petitioner kicked and punched the officers and disregarded their orders to stop fighting. Although petitioner was injured while he was being removed from his cell, the correction officers testified that only the physical force necessary to control petitioner was used. The conflicting testimony offered by petitioner and his claim of retaliation for his alleged involvement in Heath's attack on correction officers presented a credibility issue which the Hearing Officer was free to resolve against petitioner (*see, Matter of Joyce v Coughlin*, 219 AD2d 777, 778). Moreover, petitioner's contention of retaliation is unpersuasive inasmuch as the three correction officers who attempted to remove petitioner from his cell testified that they were unaware of why petitioner was being removed.

Even if petitioner preserved his claim of Hearing Officer bias for our review (*see, Matter of Jones v Coombe*, 232 AD2d 685), we nevertheless would find that the record contains no evidence that the outcome of the hearing flowed from any alleged bias (*see, Matter of Sanchez v Leonardo*, 242 AD2d 798). The fact that the Hearing Officer resolved issues of credibility against petitioner is not indicative of bias (*see, Matter of Lee v McCoy*, 233 AD2d 633, 634). Finally, under the circumstances and in light of the seriousness of the charges, we do not find that the penalties imposed, which were reduced on administrative appeal, are so harsh as to shock one's sense of fairness (*see, Matter of Proctor v Coombe*, 234 AD2d 749, 751). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P. J., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.