■ In the Matter of JEROME BARNER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al.,

Respondents. [677 NYS2d 803] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of violating the prison disciplinary rules that prohibit prisoners from possessing weapons and contraband. The misbehavior report stated that a correction officer searched petitioner's cell and found a wooden awl with a steel point 5½ inches long under petitioner's mattress. The misbehavior report, which was signed by the two correction officers who witnessed the incident and described in detail the appearance of the weapon, the time and date of the incident and the location where the weapon was found, constituted substantial evidence of petitioner's guilt (*see, Matter of Barranco v Coughlin*, 222 AD2d 904; *Matter of Rouse v Coughlin*, 219 AD2d 858, *lv denied* 87 NY2d 806).

Furthermore, assuming without deciding that petitioner's contentions of procedural error are preserved for our review, we would find them to be lacking in merit. The only question that petitioner asked his employee assistant was answered. He waived his right to call any witnesses and never complained that his assistant was inadequate. Even if petitioner asked for documentation as to whether the search of his cell was authorized and his assistant failed to retrieve this documentation, such failure would be irrelevant to the issue of whether petitioner was in possession of contraband (*see, Matter of Di Rose v Coombe*, 233 AD2d 799, 800; *Matter of Sweeter v Coughlin*, 221 AD2d 741; *Matter of Tankleff v Coughlin*, 210 AD2d 815). The record also establishes that petitioner was in the gymnasium when the search was conducted and, because he was not removed from his cell, his presence during the search was not required (*see, Matter of Perez v Coombe*, 232 AD2d 702; *Matter of Scott v Coughlin*, 231 AD2d 727). Finally, the record is absent of any indication that the Hearing Officer was biased (*see, Matter of Spencer v Goord*, 245 AD2d 827, *lv denied* 91 NY2d 811).

Having reviewed petitioner's remaining contentions, we find them to be without merit.

Cardona, P. J., Mikoll, Crew III, White and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.