■ In the Matter of RASHAAN WILLIAMS, Petitioner, v DONALD SELSKY, as Director of Special Housing Unit, et al., Respondents. [684 NYS2d 667] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of violating the prison disciplinary rule which prohibits inmates from possessing weapons. The evidence adduced at petitioner's disciplinary hearing reveals that the sound of banging and metal falling to the floor in the area of petitioner's cell precipitated a search of all of the cells in petitioner's gallery. According to the misbehavior report, the search of petitioner's cell with a metal

detector disclosed three single-edge razor blades hidden inside a magazine. The misbehavior report and the testimony of the correction officer who authored it, together with the photographs of the razor blades, constitute substantial evidence of petitioner's guilt (*see, Matter of Caraway v Walker*, 247 AD2d 675; *Matter of Mabery v Coughlin*, 168 AD2d 879, *lv denied* 77 NY2d 808). Petitioner's assertion that the correction officer who conducted the search planted the razor blades in his cell merely presented a credibility issue for the Hearing Officer to resolve (*see, Matter of Thornhill v Selsky*, 241 AD2d 631).

Turning to petitioner's procedural arguments, we reject the contention that petitioner was denied documentary evidence because the identity of the inmates suspected of making the suspicious noises was redacted from petitioner's copy of the facility log book. The redacted information, which petitioner contends was necessary to prove his retaliation defense, was irrelevant to the issue of whether petitioner was in possession of weapons (*see, Matter of Barner v Goord*, 252 AD2d 719, 720, *lv denied* 92 NY2d 813; *Matter of Hendricks v Scully*, 206 AD2d 427). Similarly unavailing is petitioner's claim of inadequate employee assistance. The documentation which the assistant was unable to provide was either nonexistent or was made available to petitioner at the hearing (*see, Matter of Di Rose v Coombe*, 233 AD2d 799, 800). Finally, the Hearing Officer properly denied petitioner's request to recall a particular witness inasmuch as the testimony petitioner sought to elicit was irrelevant to the charges and, in any event, redundant to that provided by a previous witness (*see, Matter of Rodriguez v Coombe*, 249 AD2d 655; *Matter of Gill v Selsky*, 240 AD2d 831).

Petitioner's remaining contentions, including his claim of Hearing Officer bias, have been reviewed and found to be lacking in merit.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.