■ In the Matter of JOHN VADALA, Petitioner, v DONALD SEL-SKY, as Director of the Special Housing/Inmate Disciplinary Program, New York State Department of Correctional Services, et al., Respondents. [690 NYS2d 145] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner was found guilty of violating prison disciplinary rules prohibiting smuggling and the possession of altered items. The misbehavior report stated that, on November 2, 1997, a correction officer witnessed petitioner pull down his pants, grab something out of his knee brace, walk over to a "feed-up" cart and hide "what appeared to be an envelope". Upon inspection of the cart, the correction officer found an envelope containing 22 smoothly-cut pieces of a mirror hidden under a garbage bag. Petitioner's administrative appeal of the determination of guilt was unsuccessful, prompting the commencement of this CPLR article 78 proceeding.

We confirm. In our view, the misbehavior report, combined with the correction officer's testimony, provides substantial evidence to support the determination of petitioner's guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Although petitioner presented testimony to the contrary, this merely raised a credibility issue for the Hearing Officer to resolve (*see, Matter of De La Rosa v Portuondo*, 247 AD2d 810, 811).

Petitioner's remaining procedural challenges, to the extent they have been preserved for review, have been examined and found to be lacking in merit. Although petitioner contends that he was denied meaningful employee assistance because his assistant failed to obtain a videotape of the subject incident, the record establishes that no videotape of the incident existed (*see, Matter of Faison v Goord*, 254 AD2d 658, *appeal dismissed, lv denied* 93 NY2d 827) and that petitioner received effective assistance (*see, Matter of Abif v Stinson*, 231 AD2d 804, 805). Finally, our review of the record finds no support for petitioner's claim of Hearing Officer bias; in fact, he was given every opportunity to present his arguments (*see, Matter of Barnhill v Coombe*, 239 AD2d 719, 721).

Cardona, P. J., Mercure, Yesawich Jr., Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.