In the Matter of Ricky Nieves, Petitioner, v Glenn S. Goord, as Commissioner of New York State Department of Correctional Services, Respondent. [693 NYS2d 361] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner commenced this proceeding seeking to annul a determination that he violated inmate rule 105.12 (7 NYCRR 270.2 [B] [6] [iii] [possessing unauthorized organizational materials]). Because the petition did not raise a substantial evidence issue, Supreme Court erred in transferring the proceeding to this Court (*see,* CPLR 7804 [g]). Nevertheless, we address the merits of the issues raised in the interest of judicial economy (*see, Matter of Moulden v Coughlin,* 210 AD2d 997).

We reject petitioner's contention that Department of Correctional Services Directive No. 4910 § V (c) (1) was violated. That directive requires that, if an inmate is removed from his or her cell prior to a search, the inmate must be allowed to observe the search. Because petitioner was in the dining room when his cell was searched for contraband and thus was not removed from his cell, there is no merit to his contention that the directive was violated (*see, Matter of Barner v Goord,* 252 AD2d 719, *lv denied* 92 NY2d 813; *Matter of Scott v Coughlin,* 231 AD2d 727, 728). The Hearing Officer did not err in failing

to call two correction officers as witnesses. Their testimony would have been redundant to the testimony of another witness who testified (*see,* 7 NYCRR 254.5). Petitioner received meaningful employee assistance (*see,* 7 NYCRR 251-4.2; *Matter of Ortiz v Rourke,* 241 AD2d 962, 963). In any event, petitioner failed to show that he was prejudiced by his assistant's alleged inadequacies (*see, Matter of Konigsberg v Selsky,* 255 AD2d 702; *Matter of Serrano v Coughlin,* 152 AD2d 790, 792). Finally, there is no support in the record for petitioner's contention that the Hearing Officer was biased or that the outcome of the hearing flowed from such bias (*see, Matter of Barner v Goord, supra; Matter of Hooper v Goord,* 247 AD2d 884; *Matter of Ortiz v Rourke, supra*). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Sedita, Jr., J.) Present—Green, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.