■ In the Matter of TYRONE JACKSON, Petitioner, v JOHN R. O'KEEFE, as Superintendent of Ogdensburg Correctional Facility, Respondent. [693 NYS2d 269] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier II disciplinary hearing, petitioner, a prison inmate, was found guilty of violating the prison disciplinary rules which prohibit inmates from refusing direct orders, being out of place and failing to comply with staff directions relating to movement. According to the misbehavior report, petitioner was ordered to return to his unit before proceeding to the law library. After approximately five minutes, the reporting correction officer called to check on petitioner's whereabouts and discovered that petitioner had not returned to his unit and had gone directly to the law library. At the hearing, petitioner admitted that he was told to return to his unit but insisted that he was not obligated to comply because the correction officer allegedly called him a vulgar name. Petitioner's guilt was affirmed upon administrative appeal, prompting him to commence this CPLR article 78 proceeding alleging that the Hearing Officer was biased against him.*

We confirm. The fact that the Hearing Officer resolved issues

---

* Although we will consider the merits of petitioner's claims, we note that petitioner has raised no issue of substantial evidence and, therefore, this

of credibility against petitioner, worked with the reporting correction officer and called petitioner by his first name at the hearing does not establish petitioner's claims of bias (see, Matter of Lawrence v Headley, 257 AD2d 837). The hearing transcript confirms that the Hearing Officer responded to all arguments raised by petitioner and, in fact, it was petitioner who was argumentative and hostile. In any event, since, inter alia, the determination of guilt was principally based on petitioner's own admissions, he has failed to demonstrate that the outcome of the hearing flowed from the alleged bias (see, Matter of Di Rose v Coombe, 233 AD2d 799). Finally, there is no support for petitioner's conclusory claim that the hearing transcript was deliberately edited to exclude objections and prejudicial remarks.

Mikoll, J. P., Mercure, Yesawich Jr., Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

proceeding was improperly transferred to this Court (see, CPLR 7804 [g]; Matter of Barnhill v Coombe, 239 AD2d 719, 720, n *).