■ In the Matter of Pedro Vicioso, Petitioner, v Glenn S. Goord, as Commissioner of the New York State Department of Correctional Services, Respondent. [698 NYS2d 86] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

In two misbehavior reports, petitioner, a prison inmate, was charged with violating several prison disciplinary rules as a result of his participation in a disturbance in the facility chapel. The reports were consolidated for a tier III hearing after which petitioner was found guilty of fighting, possession of a weapon and creating a disturbance.

The detailed misbehavior reports and corroborating testimony of the correction officers provided substantial evidence to support the finding of misconduct (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Petitioner contends that the tape of the hearing was altered to delete the telephonic testimony of Correction Officer Stanley Gublo's testimony, which petitioner claims was terminated by the Hearing Officer when Gublo was about to give testimony exonerating petitioner. It appears that the Hearing Officer inadvertently taped over Gublo's initial testimony, but the transcript, which includes petitioner's summary of that testimony and Gublo's subsequent testimony taken at petitioner's request for clarification, permits meaningful review of the hearing and petitioner's arguments (*see, Matter of Reid v Coughlin*, 221 AD2d 888).

We reject petitioner's claim of Hearing Officer bias. The Hearing Officer's involvement in tangential matters did not disqualify him from presiding at the hearing (*see, Matter of Samuels v Goord*, 242 AD2d 841). Although the Hearing Of-

ficer initially misstated petitioner's burden of proof, he subsequently corrected himself and petitioner was afforded every opportunity to present his defense. In any event, there is nothing in the record to indicate that the outcome of the hearing flowed from the alleged bias and not from the substantial evidence of petitioner's guilt (*see, Matter of Nicholas v Schriver*, 259 AD2d 863).

Petitioner also claims that the charges should have been dismissed because the misbehavior report failed to identify the other inmates who participated in the fight. The absence of their identity does not affect the finding of petitioner's guilt (*see, Matter of Jimenez v Goord*, 244 AD2d 683), and petitioner does not claim that he was prejudiced in his ability to prepare a defense (*see, Matter of Faison v Senkowski*, 255 AD2d 625, *lv denied* 93 NY2d 847). Petitioner's remaining procedural arguments, including his claims of ineffective employee assistance, are meritless and/or unpreserved.

Also lacking in merit is petitioner's claim regarding the severity of the penalty. In imposing the penalty, respondent properly considered petitioner's history of misconduct involving weapons (*see, Matter of Burgos v Commissioner of N. Y. State Dept. of Correctional Servs.*, 252 AD2d 698), and the penalty is not so disproportionate as to shock one's sense of fairness (*see, Matter of Spencer v Goord*, 245 AD2d 827, *lv denied* 91 NY2d 811). The determination is, therefore, confirmed.

Crew III, Yesawich Jr., Spain and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.