■ In the Matter of TREVOR WILLIAMS, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [705 NYS2d 129] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of violating the prison disciplinary rule prohibiting inmates from possessing drugs after a search of his cell, which was prompted by his participation in an assault in the facility yard, disclosed three balloons which tested positive for the presence of marihuana. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the determination of guilt and Supreme Court subsequently transferred the matter to this Court.

Initially, we reject petitioner's contention that the determination should be annulled because the misbehavior report was written on an outdated form and was altered to correct an

inaccurate reference to the rule number alleged to have been violated. Inasmuch as the record demonstrates that the misbehavior report sufficiently informed petitioner of the charge against him and enabled him to prepare an adequate defense, petitioner has failed to demonstrate any prejudice resulting from these minor deficiencies (*see, Matter of Porter v Miller*, 261 AD2d 747; *Matter of Richardson v Coombe*, 231 AD2d 789, 790). Moreover, the Hearing Officer properly denied petitioner's request to call a particular correction officer as a witness after ascertaining that the testimony petitioner sought to elicit was irrelevant to the issue of petitioner's guilt (*see, Matter of McBride v Selsky*, 257 AD2d 930; *Matter of Williams v Selsky*, 257 AD2d 932, 933).

We are similarly unpersuaded that petitioner was denied the right to observe the search of his cell in violation of a Department of Correctional Services directive. It is undisputed that petitioner was removed from his cell for the purpose of permitting him access to the facility yard and that the search of his cell was not initiated until petitioner was being treated in the facility hospital following his participation in the assault. Because petitioner was not removed from his cell for the purpose of conducting the search, the applicable directive did not require his presence (*see, Matter of Barner v Goord*, 252 AD2d 719, 720, *lv denied* 92 NY2d 813; *cf., Matter of Holloway v Lacy*, 263 AD2d 740).

We have reviewed petitioner's remaining arguments, including his claim of Hearing Officer bias, and find them to be unavailing.

Mercure, J. P., Crew III, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.