■ In the Matter of Derrold Madison, Also Known as Diallo Rafik Asar Madison, Petitioner, v Glenn S. Goord, as Commissioner of the New York State Department of Correctional Services, Respondent. [709 NYS2d 663] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of violating the prison disciplinary rule prohibiting inmates from using controlled substances after his urine tested positive for the presence of cannabinoids. Petitioner challenges the determination claiming that a number of procedural errors require its annulment.*

Initially, we reject petitioner's contention that he was improperly denied the right to call various witnesses. The record supports the Hearing Officer's conclusion that the testimony

---

* Supreme Court improperly transferred the proceeding on substantial evidence grounds inasmuch as petitioner raises solely procedural issues in the petition (*see, Matter of Barnhill v Coombe*, 239 AD2d 719, 720, n). Nevertheless, we shall retain jurisdiction and review the merits in the interest of judicial economy (*see, Matter of Nieves v Goord*, 262 AD2d 1042).

of a fellow inmate would have been redundant in light of a prior stipulation to the contents of that testimony (*see, Matter of Williams v Selsky*, 257 AD2d 932, 933). Likewise, the Hearing Officer properly denied petitioner's request to call the fellow inmate's employee assistant inasmuch as the testimony petitioner sought to elicit would have been irrelevant to the charges (*see, id.*).

Petitioner's assertions to the contrary notwithstanding, the record reveals that he was provided with all the relevant and available documents to which he was entitled (*see*, 7 NYCRR 1020.5; *see also, Matter of Falero v Goord*, 253 AD2d 913). Moreover, we are unpersuaded by petitioner's contention that the Hearing Officer was biased and, in any event, petitioner failed to establish that the outcome of the hearing flowed from the alleged bias. (*see, Matter of Lawrence v Headley*, 257 AD2d 837, 838). Finally, petitioner's assertion that the Hearing Officer improperly converted the hearing from a tier II to a tier III proceeding is both unpreserved for our review and belied by the record.

Crew III, J. P., Spain, Graffeo and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.