■ In the Matter of WESLEY VAUGHN, Petitioner, v DONALD SELSKY, as Director of Special Housing/Inmate Disciplinary Programs, Respondent. [714 NYS2d 386] —Graffeo, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

After a cube search prompted by confidential information revealed a single-edge razor blade secured inside petitioner's locker, petitioner was charged with violating the prison disciplinary rule that prohibits inmates from possessing a weapon. Found guilty as charged following a disciplinary hearing, petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of his guilt. The matter was subsequently transferred to this Court and we confirm.

Preliminarily, we note that this proceeding was improperly transferred inasmuch as petitioner raises solely procedural issues in the petition and does not challenge the determination on substantial evidence grounds (*see, Matter of Madison v Goord*, 273 AD2d 557, n; *Matter of Freeman v Selsky*, 270 AD2d 547, n). Nonetheless, we shall retain jurisdiction and review the merits in the interest of judicial economy (*see, Matter of Nieves v Goord*, 262 AD2d 1042).

We reject petitioner's contention that he was denied due process by virtue of the Hearing Officer's refusal to order a fingerprint analysis on the razor blade and to secure the testimony of a fingerprint expert. The mere fact that another inmate's fingerprints may have been on the razor blade would not have defeated the inference of possession established at the hearing by the testimony of the correction officer who au-

thored the misbehavior report and found the razor blade affixed to the interior wall of petitioners's locker, covered with masking tape colored to match the gray paint of the locker. Therefore, the request was immaterial to petitioner's defense that the razor blade was planted by another inmate (*see, Matter of Morris v Selsky*, 264 AD2d 925, 926; *Matter of Mendez v Jones*, 176 AD2d 423; *see also, Matter of Rodriguez-Aliseo v Selsky*, 268 AD2d 739).

Petitioner's remaining arguments are not preserved for our review by virtue of petitioner's failure to object at the disciplinary hearing (*see, Matter of Kilgore v Goord*, 273 AD2d 695; *Matter of De La Rosa v Goord*, 260 AD2d 824). In any event, were we to address them, we would not be persuaded that the Hearing Officer denied petitioner the right to call witnesses or considered information outside of the record by relying upon an investigative report authored by a correction officer who did not testify at the hearing. Notably, the testimony petitioner sought to elicit from the correction officer was not relevant to the charge against him (*see, Matter of Williams v Goord*, 270 AD2d 744, 745) and the information contained in the investigative report was known to petitioner throughout the hearing (*see, Matter of Cowart v Coughlin*, 193 AD2d 887, 888).

Petitioner's remaining contentions are either unpreserved for our review or lacking in merit.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.