■ In the Matter of STEVEN ASTER, Petitioner, v GLENN S. GOORD, as Commissioner, New York State Department of Correctional Services, Respondent.. [719 NYS2d 619] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

As the result of two urinalysis tests, which were positive for opiates, petitioner was charged with using a controlled substance and, after a tier III hearing, he was found guilty of the charge. A review of the record reveals no support for petitioner's claim that the Hearing Officer was biased and predisposed to finding him guilty (*see, Matter of Nicholas v Schriver*, 259 AD2d 863). Petitioner was given ample opportunity to present his arguments (*see, Matter of Vadala v Selsky*, 260 AD2d 866) and, at the conclusion of the hearing, he expressed his satisfaction with the manner in which the hearing was conducted, which he described as "pretty fair." In any event, there is nothing in the record to indicate that the outcome of the hearing flowed from the alleged Hearing Officer bias and not from the substantial evidence of petitioner's guilt (*see, Matter of Vicioso v Goord*, 266 AD2d 655).

Petitioner's argument that the determination lacks the support of substantial evidence is based upon his claim that he ingested poppy seeds which can cause false positive test results. Although the Hearing Officer apparently misapprehended the scope of this Court's decision in *Matter of Smith v Coughlin* (191 AD2d 783, *lv denied* 82 NY2d 653), his rejection of petitioner's argument is also based on evidence in the record which contradicted petitioner's claim that, at about the time of the urinalysis tests, he ate several muffins containing poppy seeds which he had received in a food package. The food package records revealed that petitioner did not receive any muffins during the relevant time period. Further, petitioner conceded in his testimony that food containing poppy seeds was not permitted into the facility and that the remaining muffins in the package, which he produced at the hearing, felt "awfully fresh" for having been received several weeks earlier as he

claimed. This evidence presented a question of credibility properly resolved by the Hearing Officer (*see, Matter of Russo v Goord*, 264 AD2d 889). Accordingly, there is no basis to disturb the determination.

Mercure, J. P., Peters, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.