■ In the Matter of DARYL BEASLEY, Petitioner, v GLENN S. GOORD, as Commissioner, Department of Correctional Services, et al., Respondents. [723 NYS2d 259] —Crew III, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged with violating facility package room and correspondence procedures after a package sent to him by his mother was found to contain letters to petitioner from six different women. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. An unsuccessful administrative appeal ensued, prompting petitioner to commence this proceeding pursuant to CPLR article 78 to challenge the underlying determination of guilt.

Upon our review of the record, we find that the determination of petitioner's guilt with respect to the violation of package room procedures, which apparently is based upon the presence of third-party correspondence in the package from petitioner's mother, is not supported by substantial evidence. Petitioner's mother testified that she sent the package of food and toiletries to her son without realizing that it was impermissible to enclose the subject letters. Petitioner, in turn, testified that he was not expecting a package from his mother and, even discounting such testimony, there is nothing in the record to suggest that the letters were enclosed in the package at petitioner's behest or that he had prior knowledge of the package's contents.

In the absence of any direct evidence of petitioner's involvement in his mother's use of the package to deliver third-party

correspondence, respondent Commissioner of Correctional Services was permitted to draw reasonable inferences from the evidence that did exist (*see, Matter of Varela v Coughlin*, 203 AD2d 630, 631). We, however, are of the view that the presence of the letters in the package sent to petitioner is, in and of itself, insufficient to support an inference that petitioner was involved in the improper use of the package to deliver the letters (*see, Matter of Sanchez v Coughlin*, 132 AD2d 896, 897-898). Notably, the package was confiscated by facility personnel while still in the package room and, as such, petitioner never received or possessed the package or its contents (*cf., Matter of Calderon v Senkowski*, 161 AD2d 1055, 1056). Accordingly, the finding of guilt as to the violation of package room procedures cannot stand. Petitioner's remaining contentions, including his assertion that there was insufficient evidence to find him guilty of violating correspondence procedures, have been examined and found to be lacking in merit.

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of violating package room procedures; petition granted to said extent and respondents are directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.