■ In the Matter of JASON STILE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [727 NYS2d 736] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

While petitioner was housed in a dormitory area of Greene Correctional Facility in Greene County, a search of his cube revealed a weapon and a pair of pants that had been altered to create a holster. Following a disciplinary hearing, petitioner was found guilty of charges that he possessed the weapon and altered clothing. In this CPLR article 78 proceeding, petitioner claims that the determination is not supported by substantial evidence, the Hearing Officer was biased and there were a number of procedural errors.

The detailed misbehavior report authored by the correction officer who conducted the search and discovered the weapon and altered clothing in an area under petitioner's control gave rise to the reasonable inference of petitioner's possession of those items and provided substantial evidence to support the determination, despite petitioner's claim that he had moved to the cube only two weeks earlier (*see, Matter of Francois v Goord*, 275 AD2d 852). Similarly, the fact that other inmates may have had access to the area is insufficient to negate the inference (*see, Matter of Tominaro v Goord*, 273 AD2d 582). Petitioner's denial of any knowledge of the items created a question of credibility for the Hearing Officer to resolve (*see, Matter of Linyear v Goord*, 270 AD2d 563).

In addition to failing to support petitioner's claim of Hearing Officer bias, the record contains nothing to demonstrate that the outcome of the hearing flowed from the alleged bias rather than from the substantial evidence of petitioner's guilt (*see, Matter of Vicioso v Goord*, 266 AD2d 655). By failing to raise the procedural objections at the hearing, petitioner has not preserved his remaining arguments for our review (*see, Matter of Vaughn v Selsky*, 276 AD2d 958, *lv dismissed* 96 NY2d 753). In any event, there is no merit to the arguments.

Mercure, J. P., Peters, Carpinello, Rose and Lahtinen, JJ.,

concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.