■ In the Matter of SEBASTIAN MELLUZZO, Petitioner, v DONALD SELSKY, as Director of the Special Housing Unit, Respondent. [731 NYS2d 518] —Proceeding pursuant to CPLR

article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule that prohibits the use of controlled substances after a sample of his urine twice tested positive for the presence of opiates. Substantial evidence of petitioner's guilt was presented at the disciplinary hearing in the form of the misbehavior report, the positive test results and testimony from the correction officer who had conducted the tests and authored the misbehavior report (*see, Matter of Kae v Selsky*, 279 AD2d 682). The testimony given by petitioner and his inmate witnesses, which included the assertion that petitioner had ingested poppy-seed bread prior to testing and that this accounted for the positive results, presented an issue of credibility that was appropriately resolved in the discretion of the Hearing Officer (*see, Matter of Aster v Goord*, 279 AD2d 921, 922; *Matter of Wood v Selsky*, 240 AD2d 876, 877). Petitioner's claim that he was denied effective employee assistance which then abridged his right to call witnesses and present documentary evidence is without support in the record. The employee assistant appears to have worked diligently to produce the witnesses and evidence requested by petitioner and cannot be faulted for having failed to locate an unidentified inmate witness after making a good faith effort to do so or for failing to provide petitioner with documentary evidence that did not exist (*see, Matter of Rivera v Coombe*, 241 AD2d 643, 644; *Matter of Green v Coombe*, 234 AD2d 756, 757). Similarly without foundation is petitioner's claim of Hearing Officer bias. The transcript discloses that the hearing was conducted in a fair and impartial manner; nor does the record suggest that the determination under review was influenced by anything other than the substantial evidence of petitioner's guilt (*see, Matter of Barnes v Selsky*, 278 AD2d 707, 708; *Matter of Vicioso v Goord*, 266 AD2d 655, 656). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P. J., Mercure, Crew III, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.