■ In the Matter of DEREK PERKINS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [736 NYS2d 462] —Spain, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review three determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As the result of three separate incidents which occurred on a single day, petitioner was served with several misbehavior reports charging him with violating a number of prison disciplinary rules. The charges of misconduct, which included

assaults on facility staff, drug possession, threats of violent conduct, committing an unhygienic act and possession of a weapon, were the subject of three separate tier III hearings conducted by the same Hearing Officer. Petitioner attended and fully participated in the first of the hearings but, in the other two hearings, after denying the charges and presenting his version of the events, petitioner refused to attend the remainder of each of those hearings. In three separate determinations, petitioner was found guilty of most of the charges and, having exhausted his administrative remedies, now seeks judicial review of the determinations.

Prior to the incidents which gave rise to the charges of misconduct, petitioner had filed grievances against facility staff and had voiced his concern that, as result of those grievances and his refusal to cooperate with prison officials in a pending investigation, he would be subject to charges of misconduct. Correspondingly, petitioner's defense to the charges at issue was based largely on his claim that the charges were fabricated by facility staff in retaliation. Other than petitioner's conclusory claims of fabrication, however, there is nothing in the record to demonstrate that the incidents did not occur as described in detail by the authors of the several misbehavior reports, which provided substantial evidence to support the charges (*see, e.g., Matter of Dawkins v Selsky*, 278 AD2d 649). We perceive no basis upon which to disturb the Hearing Officer's resolution of the credibility issue created by petitioner's retaliation defense (*see, Matter of Dabney v Murphy*, 278 AD2d 714; *see also, Berenhaus v Ward*, 70 NY2d 436, 443-444).

Petitioner's claim that he was improperly denied three witnesses at the first hearing has no merit. The witnesses had no first-hand knowledge of the incidents and whatever information they may have had regarding petitioner's retaliation defense would merely have repeated information contained in documentary evidence introduced at the hearing (*see, Matter of Morrison v Selsky*, 246 AD2d 939). With regard to petitioner's unpreserved claim that his cell was improperly searched in his absence, he was elsewhere in the facility at the time and was not removed from his cell obviating the need for his presence during the search (*see, Matter of Barner v Goord*, 252 AD2d 719, *lv denied* 92 NY2d 813; *see also, Matter of Williams v Goord*, 270 AD2d 744). Petitioner's claim of Hearing Officer bias has no support in the record, particularly in the absence of anything to demonstrate that the determination of petitioner's guilt flowed from the alleged bias and not from the substantial evidence of his guilt (*see, Matter of Vicioso v Goord*,

266 AD2d 655). Finally, with regard to petitioner's claim of excessive penalties, we conclude that those penalties, as reduced on his administrative appeals, are not so disproportionate as to shock one's sense of fairness (*see, Matter of Spencer v Goord*, 245 AD2d 827, *lv denied* 91 NY2d 811).

Mercure, J.P., Crew III, Carpinello and Rose, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.