■ In the Matter of JAMES CHASTINE, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary

Programs, Respondent. [755 NYS2d 330] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule prohibiting fighting after a correction officer observed him in the prison yard engaged in a fist fight with another inmate. Following the administrative affirmance of that decision, petitioner initiated this CPLR article 78 proceeding wherein he contends, inter alia, that procedural errors deprived him of a fair hearing.*

We reject petitioner's contention that his rights were violated when he was not present during the telephonic testimony given by the correction officer who prepared the misbehavior report. Although an inmate has the right to be present during the testimony of any witness whom the inmate has called to testify, in this instance, the reporting officer was called as a witness by the Hearing Officer; hence, petitioner had no right to be present (*see Matter of La Bounty v Goord*, 245 AD2d 675, 676 [1997], *appeal dismissed* 91 NY2d 1002 [1998]; *Matter of Collazo v Coombe*, 235 AD2d 654 [1997]). The remaining contentions raised by petitioner, including the allegation of hearing officer bias, have been examined and found to be similarly without merit.

Crew III, J.P., Peters, Carpinello, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Although petitioner raised a substantial evidence issue in his CPLR article 78 petition, thereby necessitating transfer to this Court, he has now abandoned that issue. Nevertheless, we will retain this matter in the interest of judicial economy and address his procedural challenges to the underlying determination (*see Matter of Ortiz v Selsky*, 272 AD2d 809 [2000]).