■ In the Matter of THOMAS MURPHY, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [771 NYS2d 205]—

Mugglin, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting threats, the commission of forcible sexual acts and assault on another inmate based upon charges that he had twice compelled his cellmate to submit to acts of anal intercourse, punched him on the chest with sufficient force to leave bruises and threatened him with additional physical harm if he reported the incidents to anyone. Following the administrative affirmance of the decision finding petitioner guilty of the charged misconduct, petitioner initiated this CPLR article 78 proceeding wherein he contends that various errors and omissions deprived him of a fair hearing.*

Petitioner contends that he was denied effective employee assistance resulting in the abridgment of his right to present evidence at his hearing. The record discloses, however, that the requested documents were either produced at the hearing or were appropriately denied either on the basis of confidentiality (*see Matter of Tusa v Goord*, 287 AD2d 907, 908 [2001], *lv dismissed* 98 NY2d 646 [2002]) or because they did not exist (*see Matter of Melluzzo v Selsky*, 287 AD2d 850, 851 [2001]). Moreover, there is no indication that petitioner's defense suffered any prejudice from his assistant's alleged deficiencies (*see Matter of Brown v Goord*, 300 AD2d 777 [2002]).

Similarly unpersuasive is the contention that petitioner's due process rights were violated because he was denied the right to call his accuser as a witness. While an inmate has a conditional right to call witnesses at a disciplinary hearing (*see* 7 NYCRR 254.5 [a]), there is no absolute right to confront or cross-examine them (*see Matter of Abdur-Raheem v Mann*, 85 NY2d

---

* The issue of lack of substantial evidence was raised in petitioner's CPLR article 78 petition, necessitating the transfer of this proceeding (*see* CPLR 7804 [g]). Although he does not address this issue in the brief submitted to this Court, we shall retain the matter in the interest of judicial economy and address the procedural questions that are raised therein (*see Matter of Chastine v Selsky*, 303 AD2d 801, 802 n [2003]).

113, 119 [1995]). Petitioner's claim of hearing officer bias also finds no support in the record. There is no indication that the determination under review was the result of anything other than the evidence of petitioner's guilt (*see Matter of Perkins v Goord*, 290 AD2d 700, 701 [2002]). The remaining issues raised by petitioner have been examined and found to be without merit.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.