■ In the Matter of MICHAEL BOSSETT, Petitioner, v LEONARD PORTUONDO, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [769 NYS2d 913]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting inmates from smuggling, introducing narcotics into the facility and engaging in activities detrimental to the facility's order. The charges arose out of an investigation conducted by correction officers, which included a watch on petitioner's mail and information from several confidential sources indicating that petitioner was an active participant in a group of individuals who introduced controlled substances into the facility for sale to other inmates. Petitioner challenges the determination on the ground that certain procedural errors require its annulment.*

Initially, we are unpersuaded by petitioner's contention that the statement of charges in the misbehavior report gave insufficient notice of the charges against him. The acts of misconduct were described in sufficient detail to satisfy the statutory requirements (*see* 7 NYCRR 251-3.1) while affording petitioner the means of defending himself (*see Matter of Encarnacion v Ricks*, 289 AD2d 625 [2001], *lv denied* 97 NY2d 613 [2002]). Certain information was properly withheld to prevent jeopardizing the safety of the confidential informants, facility security and the efficacy of the investigation (*see Matter of Watkins v Goord*, 307 AD2d 503 [2003], *appeal dismissed* and *lv denied* 1 NY3d 532 [2003]).

---

* Although petitioner has abandoned his substantial evidence argument, the proceeding was nonetheless properly transferred to this Court, as he raised the issue before Supreme Court in his petition (*see Matter of Chastine v Selsky*, 303 AD2d 801, 802 n [2003]).

Similarly, we reject petitioner's argument that the hearing was not commenced in a timely manner (*see* 7 NYCRR 251-5.1 [a]). Petitioner errs by counting the date upon which the misbehavior report was written as one of the seven days within which the hearing is to be held (*see Matter of Infante v Selsky*, 299 AD2d 612, 613 [2002]). In addition, the one-day extension granted to the Hearing Officer was properly authorized and petitioner has shown no prejudice resulting therefrom (*see Matter of Matos v Goord*, 293 AD2d 855, 856 [2002]). The remaining contentions raised by petitioner have been examined and found to be without merit.

Cardona, P.J., Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.