■ In the Matter of CHAUN VALENTINE, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [794 NYS2d 692]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging a tier III disciplinary determination finding him guilty of violating the prison disciplinary rules that prohibit disobey-

ing a direct order, making threats and interference with an employee. The misbehavior report relates that, upon completion of the testimony portion of a tier II disciplinary hearing, petitioner refused the Hearing Officer's orders to exit the room. Instead, petitioner "squared off" in front of the Hearing Officer and, pointing his finger, made a threatening remark. Petitioner's conduct caused a delay in the completion of the tier II hearing. The misbehavior report, together with the corroborating testimony of its author, provide substantial evidence to support the determination of guilt (*see Matter of Goncalves v Donnelly*, 9 AD3d 721 [2004]; *Matter of Lynch v Goord*, 285 AD2d 878, 879 [2001]). Petitioner's contention that the misbehavior report was issued in retaliation for objections made at the tier II hearing created a credibility issue for the tier III Hearing Officer to resolve (*see Matter of Rizzuto v Sullivan*, 295 AD2d 780, 781 [2002]; *Matter of Perkins v Goord*, 290 AD2d 700, 701 [2002]). Petitioner's remaining contention has not been preserved for our review.

Cardona, P.J., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.