# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**43**

**TP 15-00056**

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF ANTHONY MEDINA, PETITIONER,

V                                                    MEMORANDUM AND ORDER

MICHAEL SHEAHAN, SUPERINTENDENT, FIVE POINTS
CORRECTIONAL FACILITY, RESPONDENT.

---

ANTHONY MEDINA, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Seneca County [Dennis F.
Bender, A.J.], entered January 6, 2015) to review a determination of
respondent.  The determination found after a tier III hearing that
petitioner had violated various inmate rules.

It is hereby ORDERED that the determination is unanimously
annulled on the law without costs, the petition is granted in part and
the matter is remitted to respondent for further proceedings in
accordance with the following memorandum:  Petitioner commenced this
proceeding seeking to annul a determination finding him guilty of
violating various inmate rules and imposing a penalty.  "Because the
petition did not raise a substantial evidence issue, Supreme Court
erred in transferring the proceeding to this Court" (*Matter of Nieves
v Goord*, 262 AD2d 1042, 1042; *see* CPLR 7804 [g]; *Matter of Wearen v
Deputy Supt. Bish*, 2 AD3d 1361, 1362).  We nevertheless address the
issues raised in the interest of judicial economy (*see Nieves*, 262
AD2d at 1042).

Petitioner, who is visually impaired, contends that he was not
provided with a reasonable accommodation for his disability in these
disciplinary proceedings (*see generally* 42 USC §§ 12132, 12133;
*Pennsylvania Dept. of Corr. v Yeskey*, 524 US 206, 208-212).
Respondent correctly concedes that the record fails to establish that
petitioner was provided with sufficiently enlarged copies of the
misbehavior reports or offered sufficient magnification to assist in
reading them, and thus the record does not establish that respondent
took the requisite steps that would "enable him to have comprehended
the charges against him and to understand and knowledgeably
participate in the hearing[]" (*Matter of Wong v Coughlin*, 138 AD2d
899, 900; *cf. Matter of McFadden v Prack*, 120 AD3d 853, 854-855, *lv*

*dismissed* 24 NY3d 930, *lv denied* 24 NY3d 908).

Contrary to petitioner's further contention, we conclude that he is not entitled to expungement of his institutional record. The record establishes that respondent had provided petitioner with a CCTV magnifier that met his needs, but it was broken during the incident that was the subject of these proceedings and the parts to repair it had not yet arrived. The record also establishes that other methods of magnifying the documents were attempted, although the record does not establish that they were successful. Therefore, because "a good faith reason for the denial [of petitioner's rights] appears on the record, this amounts to a regulatory violation" rather than a violation of petitioner's constitutional rights, "requiring that the matter be remitted for a new hearing" (*Matter of Morris-Hill v Fischer*, 104 AD3d 978, 978; *see generally Matter of Johnson v Prack*, 122 AD3d 1323, 1324). We therefore annul the determination, grant the petition in part and remit the matter to respondent for a new hearing (*see e.g. Matter of Shoga v Annucci,* 132 AD3d 1338, 1339).

Entered: February 5, 2016
Frances E. Cafarell
Clerk of the Court