■ In the Matter of FLOYD COWART, Appellant, v DONALD SELSKY, as Special Housing Unit Director, Respondent. [689 NYS2d 535] —Appeal from a judgment of the Supreme Court (Feldstein, J.), entered March 24, 1998 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Following a hearing, petitioner, a prison inmate, was found guilty of violating the prison disciplinary rule prohibiting inmates from possessing contraband.* This charge stemmed

---

* Although the misbehavior report originally charged petitioner with seven rule violations, the Hearing Officer ultimately dismissed or found petitioner not guilty of all but the contraband charge.

from petitioner's alleged possession of a broken commissary mirror, which was not allowed in the special housing unit. After instituting an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination of guilt. Supreme Court dismissed the petition and we now affirm.

Initially, we agree with Supreme Court that petitioner was not impermissibly denied his right to call witnesses based upon the Hearing Officer's failure to call the correction officer who originally issued petitioner his special housing unit property a few months before the subject incident in order to establish that he did not have a mirror at that time. The record indicates that petitioner made no formal request for this witness and the Hearing Officer is under no obligation to call witnesses and present petitioner's case (see, Matter of Faison v Stinson, 221 AD2d 746, 747). In any event, because the alleged absence of a mirror in his cell a few months before the subject incident would not be relevant to the contraband charge in the misbehavior report, we find no error. Petitioner's remaining claims, to the extent that they are properly before this Court, have been examined and found to be lacking in merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.