■ In the Matter of WILLIAM MAMON, Petitioner, v LIEUTEN-ANT S. ROBERTS, as Hearing Officer, et al., Respondents. [698 NYS2d 564] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Riverview Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier II disciplinary hearing at which petitioner, a prison inmate, pleaded guilty to a visiting room violation, he was found guilty of violating the prison disciplinary rules which prohibit inmates from violating visiting room procedures and disobeying a direct order. According to the misbehavior report written by the correction officer involved in the incident, petitioner sat at the wrong table in the visiting room and refused to obey several direct orders to return to his assigned table. Petitioner's guilt was affirmed upon administrative appeal, prompting him to commence this CPLR article 78 proceeding to challenge the determination.

We confirm. Contrary to petitioner's argument, we find that the misbehavior report, combined with petitioner's own statement at the hearing, provide substantial evidence of his guilt (*see, Matter of Farid v Coombe,* 236 AD2d 660). We reject petitioner's contention that the inmate misbehavior report was improperly endorsed (*see, Matter of Di Rose v Coombe,* 233 AD2d 799, 800). Although petitioner additionally argues that the charges in the misbehavior report were fabricated, this merely presented a credibility issue for the Hearing Officer to resolve (*see, Matter of Polite v Goord,* 258 AD2d 795). Petitioner's remaining contentions, including his claims that he was denied the right to call witnesses and that the disciplinary charges were motivated by racial bias against his wife, have

been examined and found to be unpreserved for appellate review.

Mikoll, J. P., Yesawich Jr., Peters, Spain and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.