■ In the Matter of JOHNNY McCOY, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [715 NYS2d 503] —Graffeo, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Contrary to petitioner's contention, the misbehavior report, endorsed by two correction officers, and the corroborating testimony at the hearing provide substantial evidence to support the determination finding petitioner guilty of violating the prison disciplinary rules which prohibit inmates from assaulting staff, disobeying a direct order, interfering with an employee and harassment (*see, Matter of McBride v Selsky,* 257 AD2d 930). Testimony at the hearing established that when inmates were returning from recreation, petitioner disregarded numerous orders to leave the commissary area, came toward a correction officer in a threatening manner and the correction officer was struck in the face while attempting to subdue him. The differing testimony presented by petitioner and his inmate witnesses presented a credibility issue for the Hearing Officer

to resolve (*see, id.*). To the extent petitioner challenges the absence from the misbehavior report of endorsements from correction officers who witnessed the incident, petitioner has established no prejudice resulting therefrom (*see, Matter of Williams v Bennett*, 273 AD2d 679).

We also reject petitioner's assertion of Hearing Officer bias. Although the Hearing Officer failed to provide a written explanation for his refusal to permit testimony from other unnamed inmate witnesses present at the commissary at the time of the incident, the record reveals that such testimony would have been redundant given the testimony from four other eyewitness inmates (*see, Matter of Daum v Goord*, 274 AD2d 715). Regarding petitioner's assertion that the Hearing Officer failed to call a correction officer mentioned in the misbehavior report, we note that petitioner never requested testimony from the witness and the Hearing Officer is not obligated to present petitioner's case for him (*see, Matter of Pitsley v Senkowski*, 237 AD2d 829, 830). Furthermore, we do not find the penalty imposed to be harsh or excessive.

Petitioner's remaining contentions, to the extent that they are properly before this Court, have been reviewed and found to be without merit.

Crew III, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.