◼ In the Matter of FLOYD SAMUEL, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [715 NYS2d 113] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of violating the prison disciplinary rule which prohibits the unauthorized use of a controlled substance. Based upon our review of the record, we find that the two positive test results indicating the presence of opiates, together with the misbehavior report and

---

* Notably, no appeal was taken from the order granting the motion for summary judgment.

testimony of the Lieutenant who supervises the drug testing program, provide substantial evidence supporting the determination of guilt (*see, Matter of Garcia v Goord*, 273 AD2d 560). Contrary to petitioner's contention, the clerical error of failing to transcribe a test number on the second urinalysis procedure form does not, under the circumstances here, constitute reversible error (*see, Matter of Muniz v Selsky*, 274 AD2d 796; *Matter of Russo v Selsky*, 249 AD2d 738, 739). In addition to the Lieutenant's testimony that the clerical error had no effect on the validity of the positive test results, the test numbers and test results are verified by the daily test log.

Notwithstanding petitioner's contention to the contrary, the Hearing Officer was not required to call the author of the misbehavior report to explain the absence of the testing number inasmuch as petitioner never requested such testimony and the Hearing Officer is under no obligation to present petitioner's case for him (*see, Matter of Cowart v Selsky*, 260 AD2d 883, 884). In any event, the testimony of the Lieutenant adequately addressed petitioner's concern regarding the transcription error.

Petitioner's remaining contentions, including his challenge to the chain of custody and claim of Hearing Officer bias, have been reviewed and found to be without merit.

Mercure, J. P., Peters, Spain, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.