■ In the Matter of LINDEN HODGE, Petitioner, v GLENN S. GOORD, as Commissioner, Department of Correctional Services, et al., Respondents. [720 NYS2d 409] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

As a result of his refusal to return his food tray, petitioner was charged with violating certain prison disciplinary rules and, after a tier III hearing, he was found guilty of several of those charges. The detailed misbehavior report of the correction officer who was collecting food trays at the time of the incident, together with petitioner's admissions and the report of a sergeant who assisted in retrieving the tray, provide substantial evidence to support the determination (*see, Matter of Benton v Couture*, 269 AD2d 642). Although petitioner listed several inmates as potential witnesses on his inmate assistance form, he did not request any witnesses at the hearing and, therefore, he was not denied the right to call witnesses (*see, Matter of Harris v Goord*, 273 AD2d 599, *lv dismissed* 95 NY2d 917). In these circumstances, the Hearing Officer was not obligated to call witnesses and present petitioner's case (*see, Matter of Cowart v Selsky*, 260 AD2d 883). Petitioner's claim that he acted in response to the correction officer's refusal to give him bread is irrelevant to the issue of his guilt, for it is well settled that an inmate's belief of unfair treatment does not justify a violation of prison disciplinary rules (*see, Matter of Cruz v Goord*, 273 AD2d 569). Although the hearing was not completed within 14 days of the date of the misbehavior report, it was concluded pursuant to a valid extension granted when petitioner denied having been served with the misbehavior report and petitioner was not prejudiced by the delay (*see, Matter of Guerrero v Coombe*, 239 AD2d 676). Finally, having failed to raise the issue of Hearing Officer bias on his administrative appeal, petitioner failed to preserve the issue for our review (*see, Matter of Johnson v Goord*, 260 AD2d 816) and, in any event, the record reveals that petitioner received a fair and impartial hearing.

Mercure, J. P., Crew III, Spain, Carpinello and Rose, JJ.,

concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.