■ In the Matter of TIMOTHY WALTON, Petitioner, v GLENN GOORD, as Commissioner of Correctional Services, Respondent.

[736 NYS2d 502] —Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As the result of an altercation involving a number of inmates, petitioner was charged with violating prison disciplinary rules prohibiting assault, refusing a direct order, possessing a weapon and violent conduct. Following a tier III hearing, he was found guilty of the charges. Petitioner's administrative appeal was unsuccessful and he thereafter commenced this CPLR article 78 proceeding challenging the determination.

The detailed misbehavior report and testimony of its author, who saw petitioner hit other inmates with a board and issued a direct order which petitioner ignored, provided substantial evidence to support the determination of petitioner's guilt (*see, e.g., Matter of Kennedy v Lacy*, 277 AD2d 625). Any alleged inconsistencies in the testimony of the correction officers presented a question of credibility for the Hearing Officer to resolve (*see, Matter of Watson v Morse*, 260 AD2d 772). Such credibility issues were also created by petitioner's denial of any involvement (*see, Matter of Washington v Selsky*, 271 AD2d 798), as well as the inability of the one victim who testified to identify his assailant (*see, Matter of Primo v Goord*, 266 AD2d 602). The fact that the board used by petitioner to strike other inmates and the clothing he was alleged to have removed to avoid apprehension were not introduced at the hearing is irrelevant in light of the eyewitness testimony of the author of the misbehavior report.

Additionally, petitioner was not deprived of any witnesses. The author of the misbehavior report could not identify any inmates struck by petitioner other than the victim who testified at the hearing. Although petitioner was provided with a list of other inmates present at the time, he did not request that they be called as witnesses. Under these circumstances, the Hearing Officer was not obligated to call the witnesses and present petitioner's case (*see, Matter of Cowart v Selsky*, 260 AD2d 883). Nor was the misbehavior report defective for its failure to identify the other inmates involved who were unknown to the author of the report (*see, Matter of Vicioso v Goord*, 266 AD2d 655). Finally, the fact that the Hearing Officer elected to credit the misbehavior report and the testimony of its author does not, as petitioner claims, demonstrate Hearing Officer bias (*see, Matter of Faison v Goord*, 268 AD2d 634).

Petitioner's remaining contentions, including his challenge to the severity of the penalty, have been examined and found unpersuasive.

Mercure, Crew III, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.