■ In the Matter of MICHAEL JOHNSON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [748 NYS2d 527] —Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After a tier III disciplinary hearing, petitioner was found

guilty of interference, violent conduct, smuggling, possession of a weapon, assault, refusing direct orders and violation of frisk procedure. The charges stemmed from an incident whereby petitioner, after being ordered to step out of line and put his hands against the wall to be frisked, instead moved toward a correction officer in a threatening manner and had to be subdued by two other officers. A subsequent frisk revealed a razor hidden in petitioner's shoe. Upon administrative appeal, the disciplinary determination was modified to the extent that the assault charge was dismissed. Petitioner commenced this CPLR article 78 proceeding challenging the modified determination.

Upon review of the record, we find that the determination is supported by substantial evidence in the form of, inter alia, the misbehavior report, the unusual incident report, the eyewitness testimony of a correction officer who helped subdue petitioner and memoranda from two other correction officers involved in the incident (*see Matter of Burr v Goord*, 284 AD2d 881, 881-882; *Matter of Dawes v Selsky*, 280 AD2d 816, 816, *lv denied* 96 NY2d 712; *Matter of Bell v Leary*, 275 AD2d 834). Petitioner's allegations that he never possessed a weapon and that the correction officers initiated the confrontation in retaliation for a prior incident "presented a question of credibility for the Hearing Officer to resolve" (*Matter of Cliff v Brady*, 290 AD2d 895, 896, *lv dismissed, lv denied* 98 NY2d 642).

Furthermore, we find no merit to petitioner's contention that the Hearing Officer denied his right to call as a witness the correction officer who authored the misbehavior report. The hearing transcript reveals that petitioner did not request testimony from that witness and it was the Hearing Officer who sought the testimony of that officer and, when she proved to be unavailable, obtained the testimony of a different officer who witnessed the incident. Notably, the Hearing Officer was under no obligation to present petitioner's case for him (*see Matter of Samuel v Goord*, 277 AD2d 584, 585; *Matter of McCoy v Goord*, 277 AD2d 525, 526).

Petitioner's remaining contentions have been examined and found to be unpreserved or lacking in merit.

Peters, Spain, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.