■ In the Matter of ARMAND RETAMOZZO, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [819 NYS2d 199]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Mid-State Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

While petitioner was in the visiting room, a correction officer observed him slide his hands inside the pants of his female visitor, running his hands from her thigh to her buttocks. The correction officer then ordered petitioner twice to stand up and proceed to the frisk area. The visit was then terminated. As a result of the incident, petitioner was served with a misbehavior report charging him with violating the prison disciplinary rules that prohibit violating visiting room procedures, disobeying a direct order and engaging in sexual conduct. Following a disciplinary hearing, petitioner was found guilty of all three charges. The determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

Initially, contrary to petitioner's contention, the record discloses that the Hearing Officer adequately set forth in the disposition sheet his reliance upon the misbehavior report and the fact that he considered the testimony of both petitioner and his visitor in rendering the determination of guilt. We find that this is sufficient to allow for judicial review (*see Matter of Mc-Cain v Goord*, 273 AD2d 571 [2000]).

Turning to the merits, the misbehavior report, written by a correction officer who personally observed the incident, is sufficient, by itself, to provide substantial evidence to support the determination of guilt (*see Matter of Foster v Coughlin*, 76 NY2d 964, 966 [1990]; *Matter of McNear v Selsky*, 25 AD3d 1043 [2006]; *Matter of Mamon v Roberts*, 267 AD2d 535 [1999]). Testimony presented by petitioner and his witness that they did not engage in any inappropriate behavior created a credibility issue for the Hearing Officer to resolve (*see Matter of Dolan v Goord*, 11 AD3d 849 [2004]; *Matter of Sanchez v Selsky*, 8 AD3d 846, 847 [2004]). Although petitioner points to the fact that the author of the misbehavior report failed to testify, petitioner did not request him as a witness and the Hearing Officer was under no obligation to present petitioner's case for him (*see Matter of Samuel v Goord*, 277 AD2d 584, 585 [2000]; *Matter of Cowart v Selsky*, 260 AD2d 883, 884 [1999]).

To the extent that petitioner contends that he was entitled to a verbal warning regarding any objectionable behavior before his visitation was terminated (*see* 7 NYCRR 200.5 [a] [1] [i], [ii]), the misbehavior report relates that, before the termination, the correction officer had to twice order petitioner to go to the frisk area and, therefore, no prior warning was required (*see* 7 NYCRR 200.5 [a] [2] [iii]).

Petitioner's remaining contentions have been examined and found either unpreserved for our review or not appropriately challenged in the context of a prison disciplinary proceeding.

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.