■ In the Matter of KEITH TOWNES, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [821 NYS2d 487]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Auburn Correctional Facility in Cayuga County, was charged in a misbehavior report with fighting, refusing a direct order and engaging in violent conduct. The report stemmed from petitioner's involvement in a physical altercation with two other inmates. Following a tier III disciplinary hearing, petitioner was found guilty of fighting and refusing a direct order. That determination was affirmed upon administrative appeal, prompting this CPLR article 78 proceeding.

We confirm. The misbehavior report and hearing testimony of the authoring correction officer who witnessed the incident comprise substantial evidence of petitioner's guilt (*see Matter of Larkins v Goord*, 27 AD3d 810 [2006]; *Matter of Shicon v Goord*, 27 AD3d 811, 811-812 [2006]). To the extent that evidence to the contrary was presented, resolution of credibility issues is left to the discretion of the hearing officer (*see Matter of Crosby v Selsky*, 26 AD3d 571, 572 [2006]; *Matter of Brooks v Goord*, 26 AD3d 572, 573 [2006]). Petitioner's assertion that he was improperly precluded from calling two correction officers as witnesses on his behalf is unavailing as the record reveals that he never requested testimony from one of the officers (*see Matter of Walton v Goord*, 290 AD2d 764, 764 [2002]; *Matter of Samuel v Goord*, 277 AD2d 584, 585 [2000]) and the other officer was not present when the incident occurred and therefore had no direct knowledge of the underlying events (*see Matter of Brown v Goord*, 11 AD3d 857, 858 [2004]; *Matter of Pulliam v Waite*, 8 AD3d 841, 841 [2004]). Similarly, it was not error for the Hear-

ing Officer to deny petitioner's request to present his medical records inasmuch as the information contained therein was irrelevant to the issue of whether petitioner was guilty of the pending charges (*see Matter of Miller v Goord*, 2 AD3d 928, 930 [2003]; *Matter of Dumpson v Mann*, 225 AD2d 809, 811 [1996], *lv denied* 88 NY2d 805 [1996]). Finally, petitioner's claim of hearing officer bias is not properly before us given that it was not raised on administrative appeal (*see Matter of Cameron v Goord*, 10 AD3d 795, 796 [2004]; *Matter of Branch v Goord*, 4 AD3d 699, 700 [2004]) and, in any event, is unfounded based upon a review of the record.

Petitioner's remaining contentions have been considered and found to be without merit.

Mercure, J.P., Crew III, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.