Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged with demonstration, refusing to obey a direct order and refusing to lock in after he and several other prisoners refused to lock in to their cells when directed to by correction officers who were attempting to gain control of another prisoner. Following a tier III disciplinary hearing, *959 petitioner was found guilty of the charges of refusing to obey a direct order and refusing to lock in. Upon administrative review, respondent Commissioner of Corrections and Community Supervision upheld the determination. Petitioner thereafter commenced this CPLR article 78 proceeding.
Petitioner contends that the record does not support the determination because it is incomplete in that it does not include the testimony of the correction officer who authored the misbehavior report. However, there is no indication in either the record or petitioner’s brief that petitioner requested the testimony of this witness or that this witness actually testified and that his testimony is missing. Accordingly, and inasmuch as there is ample testimony from other correction officers who were present during the incident supporting petitioner’s guilt, we will not disturb the determination (see Matter of Retamozzo v New York State Dept. of Correctional Servs., 31 AD3d 1083, 1084 [2006]; Matter of Johnson v Goord, 298 AD2d 737, 738 [2002]; compare Matter of Medina v New York State Dept. of Corr. Servs., 104 AD3d 976, 977 [2013], lv denied 21 NY3d 859 [2013]). Assuming that the incident, as described in the misbehavior report, meets the requirements for an unusual incident (see Dept of Corr & Community Supervision Directive No. 4004, Appendix A [5], [13]), we find that the failure to complete an unusual incident report was harmless error in this instance given the abundant evidence of petitioner’s guilt (see Matter of Martinez v Fischer, 82 AD3d 1380, 1381 [2011]; Matter of Malik v Bezio, 76 AD3d 1128, 1128-1129 [2010]).
Peters, P.J., Rose, Lahtinen and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.