Matter of Bonds v Annucci (2018 NY Slip Op 07805)





Matter of Bonds v Annucci


2018 NY Slip Op 07805


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

524494

[*1]In the Matter of WILLIAM BONDS, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: September 18, 2018

Before: McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ.


William Bonds, Gowanda, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Following an authorized search of his cube, petitioner was charged in a misbehavior report with possession of gang-related materials. A tier III disciplinary hearing ensued, at the conclusion of which petitioner was found guilty and a penalty was imposed. Upon administrative review, the penalty was modified, but the determination was otherwise affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge respondent's determination.[FN1]
We confirm. Initially, we find no merit to petitioner's claim that he was denied the right to be present for the search of his cube. Petitioner, by his own admission, was neither present in nor removed from his cube prior to the search and, therefore, "his presence during the search was not required" (Matter of Rios v Selsky, 32 AD3d 632, 633 [2006]; see Matter of Doyle v Prack, 115 AD3d 1110, 1111 [2014], lv denied 23 NY3d 907 [2014]; Matter of Campoverde v Selsky, 9 AD3d 722, 723 [2004]; Matter of Alston v Goord, 4 AD3d 708, 709 [2004]; Matter of Lopez v Selsky, 300 AD2d 975, 975 [2002], lv denied 100 NY2d 509 [2003]). Contrary to petitioner's assertion, "there was no requirement that he be called back [to his cube] to view the search" (Matter of Alston v Goord, 4 AD3d at 709). As to the legality of the search, even assuming — [*2]without deciding — that petitioner preserved this issue for our review, he failed to question the correction sergeant who authorized the search as to the basis therefor, and the Hearing Officer was not required to explore this issue on petitioner's behalf (see Matter of Retamozzo v New York State Dept. of Correctional Servs., 31 AD3d 1083, 1084 [2006]; Matter of Samuel v Goord, 277 AD2d 584, 585 [2000]). Further, "the basis for the search in the first instance was irrelevant to the issue of whether petitioner possessed the [gang-related materials]" (Matter of Covington v Harford, 105 AD3d 1289, 1290 [2013] [internal quotation marks and citation omitted], lv denied 21 NY3d 862 [2013]; accord Matter of Macedonio v Annucci, 142 AD3d 1215, 1215 [2016]).
Petitioner's request for two inmate witnesses was properly denied on relevancy grounds, as neither of these witnesses was present for the search of petitioner's cube and, therefore, could not testify as to his possession of gang-related materials (see Matter of Gonzalez v Venettozzi, 94 AD3d 1313, 1314 [2012], lv denied 19 NY3d 812 [2012]; Matter of Canty v Fischer, 92 AD3d 1055, 1056 [2012], lv denied 19 NY3d 802 [2012]). Additionally, petitioner was not entitled to call these inmates as character witnesses (see Matter of Barca v Fischer, 80 AD3d 1038, 1038 [2011], lv denied 16 NY3d 711 [2011]; Matter of Rivera v Selsky, 43 AD3d 1210, 1210 [2007]; Matter of Torres v Goord, 267 AD2d 732, 733 [1999]; Matter of Joyce v Goord, 246 AD2d 926, 928 [1998]). Finally, contrary to petitioner's assertion, "we find no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias" (Matter of Lebron v Annucci, 163 AD3d 1387, 1388 [2018]; see Matter of McDonald v Annucci, 159 AD3d 1216, 1217 [2018]).
McCarthy, J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: The petition did not raise the issue of substantial evidence and, hence, this proceeding was improperly transferred; that said, we will "retain jurisdiction in the interest of judicial economy" (Matter of Thompson v Annucci, 162 AD3d 1365, 1365 n [2018])