■ In the Matter of ROBERT TUMMINIA, Petitioner, v THOMAS A. COUGHLIN III, as Commissioner of the Department of Correctional Services, Respondent.—Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Great Meadow Correctional Facility in Washington County, was charged in a misbehavior report with assault, fighting and possession of contraband. The report, authored by a correction officer, recited that he observed petitioner try to stab another inmate with two ink pens while they were in the inmate bathroom. At a tier III hearing, petitioner pleaded guilty to the charge of fighting, but not guilty of assaulting an inmate or possession of contraband. Claiming that he had been attacked earlier by a group of inmates in a classroom, petitioner proffered a justification defense. According to petitioner, when one of these inmates followed him into the bathroom to renew the assault, he wielded the pens solely in self-defense.

Petitioner called two correction officers to testify on his behalf. Although his investigation of petitioner's version of the events indicated that the alleged classroom altercation never occurred, one officer acknowledged that he heard one inmate ask another if petitioner was the one they had "buffed" in the classroom. The second officer indicated that he thought petitioner might have been "jumped" because "I was told that [petitioner] didn't have his glasses on during the fight and while frisking [petitioner] I found * * * glasses in his pocket broken in two or three pieces therefore [gap in transcript] * * * I could surmise that [petitioner] was beat up in the room also, but * * * I can't by [sic] sure of that". No other witnesses testified.

The Hearing Officer credited the misbehavior report, found petitioner guilty of all charges, and imposed a penalty of 365 days of confinement in the special housing unit and loss of various privileges. The determination was administratively affirmed. In this proceeding, petitioner maintains that the determination is not supported by substantial evidence and that respondent's interpretation of the regulation barring possession of contraband that may be classified as a weapon by use is irrational, arbitrary and capricious. We agree with the latter argument only and modify the determination accordingly.

Credibility was the overriding issue at the hearing at which the Hearing Officer chose to credit the misbehavior report and disbelieve petitioner. Given that the two witnesses called did not substantiate petitioner's justification defense with anything more than conjecture, the determination that defendant was guilty of an assault on an inmate as well as fighting must be confirmed (see, Matter of Perez v Wilmot, 67 NY2d 615, 617).

On the other hand, petitioner should not have been found guilty of possessing contraband. The regulation prohibits inmates from making, possessing, selling or exchanging "any *item of contraband* that may be classified as a weapon by description, use or appearance" (7 NYCRR 270.2 [B] [14] [i] [emphasis supplied]). Contraband is specifically defined as "any article that is not authorized by the superintendent or designee" (7 NYCRR 270.2 [B] [14] [xiv]; *compare,* 7 NYCRR 270.2 [B] [14] [ii] [forbidding possession of any authorized item that has been altered in any manner]). As there is no suggestion that the pens petitioner had are unauthorized items, they cannot be contraband. For this reason, respondent's determination adjudging petitioner guilty of possession of a weapon must be annulled; however, as petitioner has already served his sentence in the special housing unit and there was no recommended loss of good time, the matter need not be remitted for administrative reconsideration of the penalty imposed *(see, Matter of Carrelaro v Coughlin,* 153 AD2d 996).

Mahoney, P. J., Weiss, Mikoll and Harvey, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possession of contraband; respondent is directed to expunge from petitioner's institutional record all references thereto; and, as so modified, confirmed.