■ In the Matter of Alberto Varela, Petitioner, v Thomas A. Coughlin, III, as Commissioner of the Department of Correctional Services, Respondent. [606 NYS2d 109] —Determination unanimously annulled on the law and petition granted in accordance with the following Memorandum: Because the evidence submitted at the Tier III superintendent's hearing

established that petitioner swung a water bucket at another inmate to defend himself from an unprovoked attack, the determination that petitioner was fighting is not supported by substantial evidence and must be annulled and all reference to the proceeding expunged from petitioner's institutional record *(see, Matter of Parker v Kelly,* 140 AD2d 993). Although petitioner entered a plea of guilty to the charge of fighting, he presented a justification defense. We interpret petitioner's plea as an admission to the factual allegations of the petition, but not as a waiver of petitioner's defense of justification.

Absent an express finding by the Hearing Officer that petitioner heard an order given by a correction officer, the determination that petitioner refused to obey a direct order must likewise be annulled and all reference to the proceeding expunged from petitioner's institutional record *(see, Matter of Midlarsky v Kelly,* 145 AD2d 992, 993). Finally, petitioner's admission that he possessed a plastic water bucket, which he swung at another inmate in self-defense, is not sufficient evidence to support the determination that petitioner possessed "contraband that might be classified as a weapon by description, use or appearance" (7 NYCRR 270.2 [B] [14] [i]). No proof was presented to demonstrate that the bucket was contraband and not an authorized item. That determination must also be annulled and all reference to the proceeding expunged from petitioner's institutional record. (Article 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Callahan, Pine, Doerr and Boehm, JJ.