■ In the Matter of TYRELE SIMMONS, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [681 NYS2d 922] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent for

further proceedings in accordance with the following Memorandum: Substantial evidence supports the determination that petitioner violated inmate rules 100.10 (7 NYCRR 270.2 [B] [1] [i]) and 104.10 (7 NYCRR 270.2 [B] [5] [i]) by participating with a group of inmates in an assault on another inmate. "The written misbehavior report describes with specificity the conduct of petitioner that was witnessed by the author" and constitutes substantial evidence supporting the determination (*Matter of Breland v Coombe*, 238 AD2d 960, 960-961; *cf., Matter of Bryant v Coughlin*, 77 NY2d 642). The misbehavior report also constitutes substantial evidence supporting the determination that petitioner violated inmate rule 106.10 (7 NYCRR 270.2 [B] [7] [i]) by refusing to obey a direct order, and the Hearing Officer explicitly found that petitioner heard the repeated orders to stop fighting and separate (*cf., Matter of Watkins v Coombe*, 236 AD2d 883; *Matter of Varela v Coughlin*, 199 AD2d 1007, 1008).

Substantial evidence, however, is lacking with respect to the determination that petitioner violated inmate rule 113.10 by possessing "contraband that may be classified as a weapon" (7 NYCRR 270.2 [B] [14] [i]). Contraband is defined as "any article that is not authorized by the superintendent or designee" (7 NYCRR 270.2 [B] [14] [xiv]). Absent evidence that a can of pears is an unauthorized article, evidence that petitioner struck another inmate with a can of pears does not support the finding that petitioner possessed "contraband that may be classified as a weapon" (7 NYCRR 270.2 [B] [14] [i]; *see, Matter of Varela v Coughlin, supra,* at 1008; *Matter of Tumminia v Coughlin*, 175 AD2d 383, 385).

Thus, we modify the determination and grant in part the petition by annulling the determination that petitioner violated inmate rule 113.10. Because one penalty was imposed and the record does not specify any relation between the violations and the penalty, we further modify the determination by vacating the penalty, and we remit the matter to respondent for imposition of an appropriate penalty on the remaining violations (*see, Matter of Brooks v Coughlin*, 182 AD2d 1115, 1116). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Green, Pine, Hayes and Boehm, JJ.