■ In the Matter of JAMES EURE, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [705 NYS2d 449] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of violating the prison disciplinary rules that prohibit inmates from possessing contraband, refusing a direct order and possessing controlled

substances. The finding was based, in part, upon a misbehavior report which stated that petitioner was observed by a correction officer holding a mirror with a white powdery substance on it. Petitioner was ordered to surrender the mirror and powder, but he instead dumped the powder outside his cube. Two of the unauthorized items found in petitioner's cube tested positive for the presence of cocaine. Petitioner's guilt was affirmed upon administrative appeal, prompting him to commence this CPLR article 78 proceeding.

We confirm. Contrary to petitioner's argument,* we do not agree that the determination must be annulled because the approximate time of the incident listed in the misbehavior report was inconsistent by 20 minutes with the time set forth in the housing area log book. The misbehavior report contained adequate detail to provide petitioner with notice of the charges against him and the minor time discrepancy pointed out by petitioner was nothing more than a harmless technical defect (*see, Matter of Alvarado v Goord*, 252 AD2d 650).

With respect to the fact that the entry in the logbook regarding the contraband confiscated from petitioner's cube lists the name of another inmate, the author of the misbehavior report testified that he had properly filled out the subject log book entry with items taken from petitioner and that someone else filled in the wrong inmate's name. Thus, we cannot endorse petitioner's view that the insertion of the wrong name was anything other than a minor clerical error (*see, Matter of Rowe v Goord*, 257 AD2d 935).

Petitioner's remaining contentions, including his allegation of Hearing Officer bias, have been examined and found to be lacking in merit.

Peters, J. P., Spain, Carpinello, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Although the CPLR article 78 petition raised several issues that could be construed as challenging the evidentiary basis for the guilty determination, having raised no substantial evidence claim in his brief, we deem any issue in this regard to have been abandoned by petitioner (*see, Matter of Johnson v Goord*, 260 AD2d 816).