■ In the Matter of JOHN HAMLETT, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [712 NYS2d 214] —Crew III, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of violating the prison disciplinary rule that prohibits inmates from possessing a weapon. According to the misbehavior report and the testimony adduced at petitioner's disciplinary hearing, a correction officer conducting a routine search of petitioner's cell discovered a latex glove containing a homemade razor blade

hidden inside the security screen of the cell window. Following an unsuccessful administrative appeal, petitioner commenced this proceeding to challenge the underlying determination.

The various arguments raised by petitioner, to the extent that such claims were appropriately preserved for our review and not subsequently waived, do not warrant extended discussion. As a starting point, we reject petitioner's assertion that the apparent discrepancy regarding the time of the incident as reflected on the misbehavior report and other documents in the record warrants annulment of the underlying determination. The misbehavior report was sufficiently detailed to provide petitioner with notice of the charge against him and the opportunity to prepare a defense and, as such, petitioner was not prejudiced by any minor time discrepancy (see, *Matter of Eure v Goord*, 271 AD2d 786). Equally unpersuasive is petitioner's contention that he was deprived of a fair hearing due to the Hearing Officer's failure to permit him to view the weapon seized from his cell in order to ascertain whether such weapon was rusted. Such inquiry was irrelevant to the charge at issue (*see generally*, *Matter of Santana v Senkowski*, 269 AD2d 638). Finally, to the extent that petitioner argues that the underlying determination is not supported by substantial evidence, we cannot agree. The misbehavior report and the testimony of the correction officer were sufficient to sustain the finding of guilt. Petitioner's remaining arguments have been examined and found to be lacking in merit.

Cardona, P. J., Mercure, Spain and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.