■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY MATHIS, Appellant. (Appeal No. 1.) [718 NYS2d 523] —Judgment unanimously reversed on the law and indictment dismissed. Memorandum: We agree with defendant that the evidence is legally insufficient to support his conviction of promoting prison contraband in the first degree (Penal Law § 205.25 [2]) because the People failed to prove that the items of alleged contraband that he possessed, i.e., a bat and/or a weight bar, are contraband. Penal Law § 205.00 (3) defines "contraband" as "any article or thing which a person confined in a detention facility is prohibited from obtaining or possessing by statute, rule, regulation or order." In attempting to establish that defendant possessed contraband, the People relied upon a regulation of the Department of Correctional Services providing that "[i]nmates shall not make, possess, sell or exchange any item of contraband that may be classified as a weapon by description, use or appearance" (7 NYCRR 270.2 [B] [14] [i]), together with proof that a bat and/or a weight bar were used as weapons during a disturbance at Mohawk Correctional Facility. The People, however, presented no proof that defendant was prohibited from possessing a bat or a weight bar. Indeed, the proof established that defendant was authorized to possess those items. Thus, the People failed to meet their burden of establishing that defendant possessed items of contraband (*see, Matter of Simmons v Goord,* 255 AD2d 939, 940; *Matter of Varela v Coughlin,* 199 AD2d 1007, 1008; *Matter of Tumminia v Coughlin,* 175 AD2d 383, 385). We reject the People's contention that the evidence is legally sufficient with respect to that element because the proof established that defendant used or possessed authorized articles in unauthorized areas (*see,* 7 NYCRR 270.2 [B] [14] [xiii]). That theory

was not raised at trial and thus cannot be considered on appeal as an alternative ground for affirming the judgment (*see, People v Romero,* 91 NY2d 750, 753-754; *People v Goodfriend,* 64 NY2d 695, 697-698). (Appeal from Judgment of Oneida County Court, Dwyer, J.—Promoting Prison Contraband, 1st Degree.) Present—Pigott, Jr., P. J., Green, Pine, Kehoe and Balio, JJ.