■ In the Matter of ENRIQUE GONZALEZ, Petitioner, v DONALD SELSKY, as Director of Special Housing and Disciplinary Programs, Respondent. [744 NYS2d 49] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting assault on another inmate, possession of contraband that may be classified as a weapon and failure to report an injury. The misbehavior report charges that petitioner had approached one of his cellmates and smashed him in the face with two cans of condensed milk, causing serious injuries. The report further relates that on the day before the events in question, petitioner and the victim had engaged in a fight that caused injury to petitioner.

Included in the evidence presented at petitioner's disciplinary hearing were the misbehavior report and the testimony of the reporting correction officer who, in the course of investigating the matter, spoke with inmates who confirmed the first confrontation between petitioner and the victim. The officer testified, inter alia, that his search of petitioner's cell turned up two badly dented cans of condensed milk. Also presented in evidence was a statement given by the victim in which he described the fight he had engaged in with petitioner the day before the assault. While stating that he could not identify his assailant, the victim related that another inmate had encouraged petitioner to beat him up. Although petitioner's assistant

may have failed to fully comprehend his role, we do not find that his alleged inadequacies were prejudicial to petitioner's defense (*see, Matter of Greene v Coombe*, 242 AD2d 796, 797, *lv denied* 91 NY2d 803). Based upon our review, we find that substantial evidence supports that part of the determination finding petitioner guilty of assault on another inmate* (*see, Matter of Rodriguez v Coombe*, 239 AD2d 854, *lv dismissed* 91 NY2d 907).

We find, and respondent concedes, that there is insufficient evidence to support the determination finding petitioner guilty of possession of "contraband that may be classified as a weapon" (7 NYCRR 270.2 [B] [14] [i]). Contraband is defined as "any article that is not authorized by the superintendent or designee" (7 NYCRR 270.2 [B] [14] [xiv]). As no evidence was presented to show that a can of condensed milk constitutes an unauthorized article, the charge that petitioner possessed contraband classified as a weapon was not sufficiently supported by evidence in the record (*see, Matter of Simmons v Goord*, 255 AD2d 939, 940; *Matter of Varela v Coughlin*, 199 AD2d 1007, 1008). As the determination with respect thereto is annulled, the matter must be remitted for the imposition of an appropriate penalty on the remaining violations (*see, Matter of Simmons v Goord, supra* at 940).

Cardona, P.J., Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possession of contraband that may be classified as a weapon and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.

---

* Petitioner pleaded guilty to the charge of failure to report his own injury.