■ In the Matter of EDWIN LAMAGE, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [760 NYS2d 561] —Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

While incarcerated at a state correctional facility, petitioner was observed by a correction officer attempting to stab another inmate with a pen. As a result, he was charged in a misbehavior report with violating prison disciplinary rules prohibiting inmates from engaging in violent conduct, assaulting other inmates, refusing a direct order, possessing contraband that may be classified as a weapon and fighting. Following a tier III disciplinary hearing, petitioner was found guilty of the first four charges, but not guilty of the fifth. The penalty imposed was 18 months' confinement to the special housing unit, as well as loss of privileges and good time. This determination was upheld on administrative appeal. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the determination.

Initially, petitioner contends that that part of the determination finding him guilty of possessing contraband that may be classified as a weapon is not supported by substantial evidence

because an unaltered pen is not contraband. Inasmuch as the Attorney General concurs with petitioner's position on this issue and we agree (*see Matter of Gonzalez v Selsky*, 294 AD2d 734 [2002]), that portion of the determination finding him guilty of this charge must be annulled and the matter remitted for the imposition of an appropriate penalty concerning the remaining charges. As for the remaining charges, the misbehavior report, internal memoranda relating to the incident and testimony of the correction officer provide substantial evidence supporting petitioner's guilt (*see id.*; *see also Matter of Ravalli v Sullivan*, 296 AD2d 738, 739 [2002]). While petitioner further claims that he was improperly denied the right to present certain documentary evidence at the hearing, in our view the nature of the subject items rendered them either irrelevant to the charges or redundant to the other evidence produced (*see Matter of Burse v Goord*, 274 AD2d 678, 679 [2000]; *Matter of Cobb v Selsky*, 270 AD2d 747 [2000]). Therefore, we find no reason to disturb the determination at issue.

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possession of contraband that may be classified as a weapon and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to the Commissioner of Correctional Services for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.