■ In the Matter of JAMIE PATTERSON, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [770 NYS2d 898]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On October 18, 2002, petitioner was charged in two misbehavior reports with various disciplinary rule violations. In the first, he was charged with violating a direct order, harassment and interfering with an employee after he approached a female correction counselor near an area known as post one and repeatedly asked to speak with her despite her refusal. The second report was based upon events immediately following the incident providing the basis for the first report. In it, petitioner was charged with violating a direct order and a facility movement violation after he ignored a correction officer's directive to return to his housing unit and was later observed lingering around post one. The reports were combined for purposes of the subsequent tier III disciplinary hearing. At the conclusion of the hearing, petitioner was found guilty of all charges except violating a direct order as alleged in the first misbehavior report. The determination was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. Initially, we find that the misbehavior reports provided petitioner with sufficient "notice of the charge[s] against him and the opportunity to prepare a defense" (*Matter of Hamlett v Goord*, 275 AD2d 497, 498 [2000]; *see Matter of Eure v Goord*, 271 AD2d 786, 786 [2000]). We also find that the testimony of the female correction counselor and the vocational supervisor who escorted her on the date in question, combined with the detailed misbehavior report, provide substantial evidence supporting the charges of harassment and interfering with an employee as alleged in the first report (*see Matter of Ferrar v Selsky*, 1 AD3d 671 [2003]; *Matter of Pride v Cunningham*, 308 AD2d 649 [2003], *lv denied* 1 NY3d 505 [2003]). The second misbehavior report, authored by the correction officer who directed petitioner to return to his cell and signed by another correction officer who witnessed petitioner loitering around post one after this order was given, constituted substantial evidence supporting the charges of refusing a direct order and a facility movement violation as alleged in the second

report (see People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]; Matter of Alejandro v Goord, 278 AD2d 731 [2000]).

We have considered petitioner's remaining claims, to the extent that they have been preserved for our review, and find them to be without merit.

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.