■ In the Matter of DEAN WRIGHT, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [776 NYS2d 524]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a disciplinary hearing at which petitioner pleaded guilty to refusing a direct order and refusing frisk procedures, petitioner was also found guilty of possession of a weapon, smuggling and property damage. According to the misbehavior report, when a correction officer approached petitioner's cell, petitioner was seen cutting green material with an unidentifiable object. Petitioner's cellmate, who was also present, was ordered to step out of the cell into the "rec pen" and petitioner was ordered to place his hands out of the cell to be cuffed, then keep his back to the door and step away. Instead of following the correction officer's orders, petitioner attempted to flush the object down the

toilet. When the object would not flush down the toilet, petitioner retrieved the object and pushed it through the window screen, causing a hole in the screen, instructing his cellmate to get rid of it. Petitioner then returned to the cell door to continue with the cuff restraint procedure. The item was then recovered near the "rec pen" and identified as a plastic weapon. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination of guilt.

The detailed misbehavior report, videotape and testimony at the hearing, together with the reasonable inferences to be drawn therefrom, provide substantial evidence to support the determination (*see Matter of Adams v Stinson*, 267 AD2d 537 [1999], *lv denied* 94 NY2d 761 [2000]; *see also Matter of De Leon v Goord*, 290 AD2d 853 [2002]). The misbehavior report establishes what the object was and that petitioner had possession of it. Petitioner's assertion to the contrary presented a credibility issue for the Hearing Officer to resolve (*see Matter of Johnson v Goord*, 298 AD2d 737, 738 [2002]; *Matter of Lunney v Selsky*, 275 AD2d 820, 820-821 [2000]). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.