In the Matter of ERIC THOMAS, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [779 NYS2d 850]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After correction officers received confidential information indicating that petitioner was in possession of a metal object, his cell was searched and a piece of metal affixed to an altered toothbrush handle, measuring approximately seven inches in length, was discovered. Petitioner was thereafter charged in a misbehavior report with possession of contraband and possession of an altered item. He was found guilty of these charges following a tier III disciplinary hearing. The determination was affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. Initially, we find that the misbehavior report, together with the testimony of the correction officer who prepared it and other documentary evidence, provide substantial evidence of petitioner's guilt (*see Matter of Lamage v Selsky*, 304 AD2d 1004, 1005 [2003]; *Matter of Knight v Selsky*, 297 AD2d 845, 846 [2002]). Contrary to petitioner's claim, the misbehavior report contained sufficient information to give him adequate notice of the charges (*see Matter of Patterson v Selsky*, 3 AD3d 814, 815 [2004]; *Matter of Smith v Portuondo*, 309 AD2d 1028, 1028 [2003]) and, under the circumstances presented, was not required to be endorsed by another correction officer (*see Matter of Di Rose v Coombe*, 233 AD2d 799, 800 [1996]). Furthermore, we find no merit to petitioner's claim that he was denied access to documentary evidence as those portions of the unusual incident report and January 20, 2003 memorandum that were redacted were minimal and were not relevant to petitioner's possession of the contraband at issue (*see Matter of Williams v Selsky*, 257 AD2d 932, 933 [1999]). Likewise, our review of the hearing transcript does not reveal that the Hearing Officer was biased or that the determination flowed from

any alleged bias (*see Matter of Claudio v Selsky*, 4 AD3d 702, 704 [2004]). We have considered petitioner's remaining claims, to the extent that they are properly before us, and find them to be unavailing.

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.