■ In the Matter of ONIEL BROWN, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [783 NYS2d 151]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

After correction officers obtained information that petitioner had cut another inmate with a sharp object believed to be a mirror, petitioner was frisked and a piece of mirror concealed in

cardboard was found in his clothing. As a result, a search of petitioner's cell was ordered and his mattress was X-rayed, resulting in the discovery of a sharpened piece of metal which resembled a weapon. Petitioner was charged in a misbehavior report with assaulting an inmate and possessing a weapon. He was found guilty of these charges following a tier III disciplinary hearing. The determination of guilt was affirmed on administrative appeal with the penalty modified. This CPLR article 78 proceeding ensued.

We confirm. Substantial evidence, consisting of the misbehavior report, unusual incident report and testimony of correction officers involved in the frisk of petitioner and the search of his cell, as well as the testimony of the confidential informant, supports the determination of guilt (*see Matter of Johnson v Goord*, 7 AD3d 863, 863-864 [2004]). Although the Hearing Officer denied petitioner's request to call a correction sergeant whom he claimed was aware of threats made against him by the officer who X-rayed his mattress, this was not error. The correction sergeant had no knowledge of the events underlying the charges contained in the misbehavior report and, therefore, was unable to provide relevant testimony (*see Matter of Pulliam v Waite*, 8 AD3d 841, 841 [2004]; *Matter of Prentiss v Selsky*, 7 AD3d 905 [2004]). Petitioner adequately presented his retaliation defense to the Hearing Officer, who was free to reject it as it presented a question of credibility (*see Matter of Govan v Bennett*, 305 AD2d 843 [2003]). Lastly, our review of the transcript does not substantiate petitioner's claim that the Hearing Officer was biased or that the determination flowed from any alleged bias (*see Matter of Thomas v Selsky*, 9 AD3d 751, 751-752 [2004]; *Matter of Nimmons v Goord*, 7 AD3d 887, 889 [2004]).

Cardona, P.J., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.