■ In the Matter of FRANK BROWN, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [793 NYS2d 636]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner became uncooperative while he was being locked in his cell after a shower. Two correction officers restrained him and escorted him back to the shower area, which caused showers for the other inmates to be delayed. As a result, he was charged in a misbehavior report with assaulting staff, refusing a direct order and interfering with an employee. He was found guilty of assaulting staff and interfering with an employee following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the memoranda of correction officers involved in the incident, provide substantial evidence supporting the determination of guilt (*see Matter of Montgomery v Goord*, 297 AD2d 870, 871 [2002]; *Matter of Alejandro v Goord*, 278 AD2d 731, 731 [2000]). Petitioner's assertion that the charges were brought in retaliation for his prior filing of grievances presented a credibility issue for the Hearing Officer to resolve (*see Matter of Hamilton v*

*Selsky*, 13 AD3d 844, 845 [2004]; *Matter of Brown v Goord*, 11 AD3d 857, 858 [2004]). Contrary to petitioner's claim, the misbehavior report was sufficiently detailed to provide him with adequate notice of the charges (*see Matter of Thomas v Selsky*, 9 AD3d 751, 751 [2004]). Furthermore, there is no indication in the record that the Hearing Officer was biased or that the determination at issue flowed from any alleged bias (*see id.* at 751-752; *Matter of Nieves v Goord*, 2 AD3d 1173, 1174 [2003]). Petitioner's remaining claims have either not been preserved for our review or are lacking in merit.

Mercure, J.P., Spain, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.