■ In the Matter of STEVE CHRISTIAN, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [798 NYS2d 807]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of violating the prison disciplinary rules that prohibit possession of drugs and smuggling. As set forth in the misbehavior report and supporting memoranda, a watch tower officer observed an object, later identified as a finger from a latex glove, being thrown from petitioner's cell window. Using the numbers painted on the wall as conveyed to him by a correction officer on the platform, the watch tower officer was able to direct a second correction officer in recovering the object. Subsequent drug testing on the contents of the latex glove confirmed that it contained 20 marihuana cigarettes.

Petitioner initially contends that he was denied adequate employee assistance because his assistant denied his belated request to reveal the name of the inmate housed directly above his cell, whose cell allegedly was searched on the same day of the incident. The record establishes that, without objection, petitioner accepted the Hearing Officer's determination that petitioner was not entitled to the name of the other inmate, thereby waiving such claim (*see Matter of Starks v Goord*, 2 AD3d 1117 [2003]; *Matter of Pagan v Selsky*, 262 AD2d 683

[1999]). Similarly, petitioner's contention that he did not receive the requisite drug testing forms is not preserved for our review, having not been raised at the hearing when it could have been addressed (*see Matter of Torres v Selsky*, 8 AD3d 775 [2004]). In any event, petitioner's signature on the hearing record sheet and acknowledgment at the hearing belie petitioner's contention that he was not provided with the requisite drug testing forms (*see* 7 NYCRR 1010.5). Turning to the merits, the misbehavior report, test results confirming the substance as marihuana, memoranda and corroborating testimony at the hearing provide substantial evidence to support the determination of guilt (*see Matter of Torres v Selsky, supra* at 776; *Matter of Wright v Goord*, 7 AD3d 948, 949 [2004]; *Matter of Moreno v Coughlin*, 179 AD2d 849 [1992]). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Peters, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.