■ In the Matter of LEON AVERY, Petitioner, v GLENN GOORD, as Commissioner of Correctional Services, Respondent. [854 NYS2d 558]—

Petitioner was charged in a misbehavior report with violating the prison disciplinary rules that prohibit fighting and assaulting another inmate. Petitioner also was charged in a second misbehavior report with possession of contraband that may be classified as a weapon. These violations stemmed from an

incident wherein petitioner engaged in a fight with his cellmate and stabbed his cellmate in the cheek with a pen. Following separate tier III disciplinary hearings, petitioner was found guilty of all charges and administrative penalties were imposed including, insofar as is relevant to the instant proceeding, nine months in the special housing unit and a corresponding loss of privileges and recommended loss of good time with respect to the determination of guilt on the contraband charge. These determinations were affirmed upon administrative appeal, prompting petitioner to commence this proceeding pursuant to CPLR article 78.

As a starting point, we agree with petitioner that the determination finding him guilty of possession of contraband that may be classified as a weapon (*see* 7 NYCRR 270.2 [B] [14] [i]) is not supported by substantial evidence. Although respondent contends that petitioner waived this argument by failing to raise it at the disciplinary hearing, the fact remains that the charge cannot be sustained absent evidence that the pen constituted contraband, i.e., an article not "specifically authorized by the superintendent or designee" (7 NYCRR 270.2 [B] [14] [xiii]; *see Matter of Tumminia v Coughlin*, 175 AD2d 383, 385 [1991]; *see also Matter of Lamage v Selsky*, 304 AD2d 1004, 1004-1005 [2003]; *cf. Matter of Gonzalez v Selsky*, 294 AD2d 734, 735 [2002]; *Matter of Simmons v Goord*, 255 AD2d 939, 940 [1998]; *Matter of Varela v Coughlin*, 199 AD2d 1007, 1008 [1993]). Respondent appears to acknowledge that the pen confiscated from petitioner's cell "was officially issued by the prison" and, in any event, no evidence was presented at the disciplinary hearing to show that the pen was an unauthorized article. Accordingly, the determination of guilt as to this charge is annulled. In light of this conclusion, we need not address petitioner's alternate claim—namely, that the pen in question was not under his possession and/or control.

Petitioner's remaining contentions do not warrant extended discussion. While it appears that the misbehavior report charging petitioner with fighting and assault was not endorsed by the authoring correction officer, petitioner did not raise this issue at the administrative hearing and, hence, it has not been preserved for our review (*see Matter of Patterson v Coombe*, 236 AD2d 682 [1997]). Moreover, the date and time of the incident, as well the officer's rank and name, appear on the face of the report and, as such, we are unable to discern any prejudice to petitioner. Contrary to petitioner's assertion, such report, together with the testimony of the investigating officer, provides substantial evidence to support the determination of guilt. Finally, petitioner's

claim that he was denied the right to an administrative appeal is belied by the documents contained in the record on review, and his assertion that the penalties imposed were unduly harsh and/or improper has been reviewed and found to be lacking in merit.

Cardona, P.J., Peters, Rose, Kane and Malone Jr., JJ., concur. Adjudged that the May 19, 2006 determination is annulled, without costs, petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record and restore any loss of good time. Adjudged that the June 26, 2006 determination is confirmed, without costs, and petition dismissed to that extent.