■ In the Matter of JOSEPH BOSQUET, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [895 NYS2d 550]—

Rose, J.

Following an incident in which petitioner engaged in a physical altercation in his cube with another inmate just prior to the count, he was charged in a misbehavior report with engaging in violent conduct, fighting, assaulting an inmate, possessing a weapon, creating a disturbance, refusing a direct order and delaying the count. Following a tier III disciplinary hearing, during which petitioner pleaded guilty to creating a disturbance, fighting and delaying the count, petitioner was found guilty of all charges except assaulting an inmate. An unsuccessful administrative appeal ensued and petitioner, thereafter, commenced this CPLR article 78 proceeding.

We confirm. With regard to the charge of possessing a weapon, we find that the misbehavior report, along with the testimony of the two correction officers present at the scene, provide substantial evidence to support the determination of petitioner's guilt (*see Matter of Stone v Fischer*, 62 AD3d 1064, 1065 [2009]; *Matter of Adams v Selsky*, 54 AD3d 477, 478 [2008], *lv denied* 11 NY3d 710 [2008]). Specifically, pursuant to 7 NYCRR 270.2 (B) (14) (i), "any item that may be classified as a weapon or dangerous instrument by description, use or appearance" is prohibited, and a "dangerous instrument" is further defined by the rule as "any instrument, article or substance which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing bodily harm." Thus, testimony by the correction officer that he witnessed petitioner striking another inmate with a state-issued padlock clenched in his right fist supports the determination of guilt (*see Matter of Tinnirello v Selsky*, 51 AD3d 1238, 1239

[2008]). The testimony of petitioner and his inmate witnesses that he was not holding the padlock during the fight presented a credibility issue to be resolved by the Hearing Officer (*see Matter of Hale v Selsky*, 57 AD3d 1136, 1137 [2008], *appeal dismissed* 12 NY3d 776 [2009]; *Matter of Dozier v Selsky*, 54 AD3d 1074, 1075 [2008]). Contrary to petitioner's contention that he could not be found to have violated 7 NYCRR 270.2 (B) (14) (i) because the item involved was not contraband, we note that the requirement that the item classified as a dangerous instrument be contraband was eliminated by an amendment to that rule which became effective on February 1, 2006. Accordingly, petitioner's reliance on our holding in *Matter of Avery v Goord* (49 AD3d 993, 994 [2008]) is unavailing.

With regard to the charge of fighting, we note that petitioner's admission of guilt during the hearing precludes any challenge to the determination as to that charge (*see Matter of Davis v Fischer*, 64 AD3d 847, 848 [2009]; *Matter of Tayler v Selsky*, 49 AD3d 1060 [2008]). Similarly, addressing petitioner's challenge to the finding that he refused a direct order based on his contention that he did not hear the order, we note that petitioner did not raise this argument during the hearing when it could have been addressed and, therefore, it is unpreserved for our review (*see Matter of Perez v Fischer*, 62 AD3d 1104, 1105 [2009]; *Matter of Christian v Goord*, 20 AD3d 862, 863 [2005]).

We have examined petitioner's remaining contentions and, to the extent preserved, find them to be without merit.

Peters, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.