■ In the Matter of CARLOS ABREU, Petitioner, v NORMAN R. BEZIO, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [897 NYS2d 549]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

As the result of an investigation initiated when a female employee of the Department of Correctional Services received a sexually explicit letter, petitioner was charged in a misbehavior report with violating the prison disciplinary rules prohibiting harassment and stalking. He was found guilty of both charges following a tier III disciplinary hearing. Although the determination was modified on administrative appeal and the stalking charge was dismissed, that part of the determination finding petitioner guilty of harassment was upheld. This CPLR article 78 proceeding ensued.

Preliminarily, we note that the petition alleges an issue of substantial evidence and, contrary to petitioner's contention, Supreme Court properly transferred the proceeding to this Court (*see* CPLR 7804 [g]; *Matter of Barnwell v Goord*, 268 AD2d 725, 725 [2000], *lv denied* 95 NY2d 751 [2000]). Turning to the merits, petitioner admitted at the hearing that he wrote the letter, which is replete with personal and sexual references that unquestionably rise to the level of harassment under the applicable prison disciplinary rule (*see* 7 NYCRR 270.2 [B] [8] [ii]; *Matter of Messiah v New York State Dept. of Correctional Servs.*, 52 AD3d 1133, 1133 [2008]). Accordingly, petitioner's admission, the misbehavior report and testimony from its author constitute substantial evidence supporting the determi-

nation of guilt (*see Matter of Lafferty v Fischer*, 61 AD3d 1190, 1191 [2009]). Further, given petitioner's admission that he wrote the letter, we find no error in the Hearing Officer's denial of petitioner's request to call certain witnesses as their testimony would have been irrelevant or redundant (*see Matter of Valerio v New York State Dept. of Correctional Servs.*, 67 AD3d 1228 [2009]).

We are similarly unpersuaded by petitioner's assertion that intermittent gaps in the hearing transcript are so significant as to prevent meaningful judicial review (*see Matter of Parkinson v Selsky*, 49 AD3d 985, 986 [2008]). Finally, petitioner's mental condition was not raised as a defense to the disciplinary charges and thus the issue is unpreserved for our review (*see Matter of Butler v Selsky*, 49 AD3d 1122, 1123 [2008]; *Matter of Spirles v Goord*, 308 AD2d 610 [2003]). Petitioner's remaining contentions, including those related to his interpreter and his claim that the charges were retaliatory, have been reviewed and are determined to be without merit.

Cardona, P.J., Spain, Lahtinen, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.