Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.
*1126 Petitioner, a prison inmate, was leaving the mess hall with a box containing several slices of pizza when he was directed by a correction officer to return the pizza. After petitioner loudly refused, and dinner was delayed while additional pizza was procured for the other inmates, he was served with a misbehavior report charging him with refusing a direct order, violating mess hall serving policies, disturbing facility order and stealing state property. At the tier III disciplinary hearing, petitioner refused to participate to the extent that he would not even identify himself on the record. After the hearing, he was found guilty of refusing a direct order and violating mess hall serving policies. That determination was sustained on administrative appeal, and petitioner commenced this CPLR article 78 proceeding.
We confirm. Petitioner contends that, despite the Hearing Officer’s statements on the record throughout the hearing that petitioner was present and refusing to participate, he was actually removed from the hearing and his presence thereafter fabricated and, therefore, his due process rights were violated. We find, however, that, in the complete absence of affidavits, documentation or any other evidence to substantiate petitioner’s allegations that he was not present at the hearing, we must credit the Hearing Officer’s version of events (see generally CPLR 7804 [d]; Matter of Davis v Goord, 21 AD3d 606, 610 [2005]; Matter of Lewis v DeBuono, 257 AD2d 787, 787-788 [1999]). Therefore, with regard to petitioner’s contentions that the misbehavior report was defective and that it was served upon him in retaliation for his advocacy efforts inside the prison, we find them unpreserved for our review by virtue of his failure to raise them during the hearing when they could have been addressed (see Matter of Bosquet v Bezio, 69 AD3d 1257, 1258 [2010]; Matter of Christian v Goord, 20 AD3d 862, 863 [2005]). We next find that the detailed misbehavior report, along with the testimony of the correction officer involved in the incident, provide substantial evidence to support the determination of guilt (see Matter of Sital v Fischer, 73 AD3d 1348, 1349 [2010]; Matter of Bartley v Fischer, 73 AD3d 1363, 1363-1364 [2010]). Finally, our review of the record reveals that the determination of guilt emanated from the evidence presented against petitioner, rather than any alleged hearing officer bias (see Matter of Key v Fischer, 72 AD3d 1365, 1366 [2010]; Matter of Hayes v Fischer, 70 AD3d 1085, 1086 [2010]).
Mercure, J.P., Rose, Kavanagh, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.