■ In the Matter of ALIK ANTHONY, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [916 NYS2d 280]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with threats, harassment, soliciting a sexual act and stalking as the result of a letter he wrote to a female correction officer. At a tier III disciplinary hearing, petitioner pleaded guilty to harassment and stalking and was found guilty of the other two charges at the conclusion of the hearing. Upon administrative appeal, the penalty was modified, but the determination was otherwise affirmed. Petitioner then commenced this CPLR article 78 proceeding to challenge the determination.

We confirm. Initially, petitioner is foreclosed from challenging the determination with regard to harassment and stalking inasmuch as he pleaded guilty to those charges during the hearing (*see Matter of Wright v New York State Dept. of Correctional Servs.*, 76 AD3d 725, 726 [2010]; *Matter of Bosquet v Bezio*, 69 AD3d 1257, 1258 [2010]). Furthermore, the misbehavior report and testimony of petitioner that he was the author of the letter provide substantial evidence to support the determination with regard to the remaining charges (*see Matter of Tafari v Selsky*, 76 AD3d 1144, 1145 [2010]; *Matter of Abreu v Bezio*, 71 AD3d 1341, 1341-1342 [2010], *appeal dismissed* 15 NY3d 836 [2010]). The letter, although not expressly soliciting a sexual act, contained strong inferences that petitioner was interested in engaging in a sexual relationship with, and expressed petition-

er's anger at, the correction officer, who noted in the misbehavior report that she felt threatened by the receipt of the letter (*see Matter of Abreu v Bezio*, 71 AD3d at 1341). Moreover, our review of the record demonstrates that the determination of guilt was premised on the evidence presented, rather than any alleged hearing officer bias (*see Matter of Hamilton v Bezio*, 76 AD3d 1125, 1126 [2010]; *Matter of Reese v Bezio*, 75 AD3d 1029, 1030 [2010]). Finally, although there were minor gaps in the hearing transcript, meaningful judicial review has not been prevented (*see Matter of Reese v Bezio*, 75 AD3d at 1030; *Matter of Gomez v Fischer*, 74 AD3d 1399, 1400 [2010], *lv dismissed* 15 NY3d 858 [2010]).

We have examined petitioner's remaining contentions and find them either unpreserved or without merit.

Mercure, J.P., Peters, Lahtinen, Malone Jr. and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.