Appeal from a judgment of the Supreme Court (Felstein, J.), entered March 15, 2012 in Franklin County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with violating a prison disciplinary rule after a search of his cell uncovered an excessive amount of medication, some of which had been improperly removed from its packaging. Following a tier II hearing, petitioner was found guilty of the charge and the determination was upheld on administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding, claiming that his request to introduce certain evidence was improperly denied. Supreme Court dismissed the petition and petitioner now appeals.
Petitioner’s sole argument is that his request to admit a videotape depicting the correction officer turning over the medication discovered in petitioner’s cell to the nurse was improperly denied. Petitioner stated that he sought to introduce this evidence to establish whether the medication was loose or in its proper packaging. Inasmuch as petitioner admitted that he had removed some pills from their packaging, the videotape would have been irrelevant and/or redundant and, therefore, we find no error in its exclusion (see Matter of Abreu v Bezio, 71 AD3d 1341, 1342 [2010], appeal dismissed 15 NY3d 836 [2010]).
Peters, EJ., Mercure, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.