■ In the Matter of COLIN FERGUSON, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [967 NYS2d 253]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with refusing a direct order, violent conduct, failing to comply with frisk and search procedures, possessing a weapon and assault on staff. The report relates that petitioner ignored several directives to come out of his cell during a cell frisk and that a cell extraction team had to be summoned. When the officers attempted to get him to comply with the search procedures, petitioner reached through the cell hatch and stabbed a correction officer in the arm with a pen. Petitioner eventually complied, after a chemical agent was used to subdue him. He was found guilty as charged following a tier III disciplinary hearing, and the determination was upheld on administrative review. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, the videotape of the incident and petitioner's statement at the hearing provide substantial evidence to support the determination of guilt on all charges (*see Matter of Barnes v Prack*, 92 AD3d 990, 990-991 [2012]; *Matter of Sweet v Woods*, 60 AD3d 1183, 1183 [2009]). We reject petitioner's contention that his possession of the pen did not violate rule 113.10, as that rule precludes an inmate from possessing a dangerous instrument, which is defined as "any instrument, article or substance which, *under the circumstances in which it is used*, attempted to be used or threatened to be used, is readily capable of causing bodily harm" (7 NYCRR 270.2 [B] [14] [i] [emphasis added]).* Under the circumstances of petitioner's use, the pen was capable of causing bodily harm to the correction officer in violation of rule 113.10.

As to petitioner's claims of procedural error, we find no evidence of hearing officer bias. Although petitioner was restrained

* To the extent that petitioner contends that the pen was not contraband and, therefore, not a violation of 7 NYCRR 270.2 (B) (14) (i), the requirement that an item that is classified as a dangerous instrument be contraband was eliminated by an amendment to that rule effective in February 2006 and his reliance on our decision in *Matter of Avery v Goord* (49 AD3d 993, 994 [2008]) is unavailing (*see Matter of Bosquet v Bezio*, 69 AD3d 1257, 1258 [2010]).

during the disciplinary hearing and kept behind a plexiglass partition for safety reasons, the record reflects that he was able to present a defense, including calling a witness, and that he received a fair hearing (*see Matter of Porter v Goord*, 298 AD2d 723, 724 [2002]). Petitioner's contention that the Hearing Officer failed to consider his mental health status in rendering the determination is not preserved for our review, as it was not raised as a defense to the disciplinary charges (*see Matter of Joseph v LaClair*, 79 AD3d 1496, 1496 [2010]; *Matter of Abreu v Bezio*, 71 AD3d 1341, 1342 [2010], *appeal dismissed* 15 NY3d 836 [2010]). Petitioner's remaining claims, to the extent they are properly preserved for our review, have been examined and found to be without merit.

Peters, P.J., Lahtinen, Spain and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.