■ In the Matter of WOODROW FLEMMING, Petitioner, v DAVID ROCK, as Superintendent of Upstate Correctional Facility, Respondent. [977 NYS2d 508]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision and a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was charged in a misbehavior report with disobeying a direct order and violating mess hall serving procedures after he refused to hand his feed-up tray out of his cell during the morning collection. Following a tier III disciplinary hearing at which petitioner pleaded guilty with explanation, the Hearing Officer found him guilty of both

charges and the determination was upheld on administrative appeal. In a separate misbehavior report, petitioner was charged with disobeying a direct order, interference and harassment after he refused to hand out his law library material when directed to do so. At the conclusion of a tier II disciplinary hearing, petitioner was found guilty of the direct order and interference charges and not guilty of the harassment charge. Respondent affirmed the determination on administrative appeal and petitioner thereafter commenced this CPLR article 78 proceeding challenging both determinations.

We confirm. Initially, inasmuch as petitioner pleaded guilty with explanation to the first misbehavior report, he is precluded from challenging the sufficiency of the evidence supporting the determination of guilt (*see Matter of Toliver v Department of Corr.*, 98 AD3d 1170, 1170 [2012]; *Matter of McMoore v Bezio*, 67 AD3d 1218, 1218 [2009]). With regard to the second misbehavior report, we find that the report itself, the video of the incident and petitioner's statements during the hearing provide substantial evidence supporting the determination of guilt on the charges of disobeying a direct order and interference (*see Matter of Ferguson v Fischer*, 107 AD3d 1272, 1272 [2013]; *Matter of Barnes v Prack*, 87 AD3d 1251, 1252 [2011]; *Matter of Brown v Goord*, 17 AD3d 952, 952 [2005]). Petitioner's claim that the misbehavior report was written to harass and retaliate against him created a credibility issue for the Hearing Officer to resolve (*see Matter of Toliver v Commissioner of N.Y. State Dept. of Corr. & Community Supervision*, 107 AD3d 1283, 1284 [2013]; *Matter of Marhone v LaValley*, 107 AD3d 1186, 1187 [2013]). Finally, we find that petitioner's remaining claims are either unpreserved or without merit.

Peters, P.J., Stein, McCarthy and Garry, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.